Frank BONAN, Plaintiff,

v.

B. K. LEACH, Egyptian Tie and Timber
Co., a corporation, and Oil Management,
Inc., a corporation, Defendants.

Civ. No. 3878.

United States District Court
E. D. Illinois.

Oct. 25, 1957.

William G. Eovaldi, Benton, Ill., for plaintiff.

Howard Campbell, Craig & Craig, Mt. Vernon, Ill., for defendant.

JUERGENS, District Judge.

Plaintiff filed his complaint in which he alleges he is the owner and operator of an abstract and title business in Mc-Leansboro, Illinois; that at the request of the defendants he rendered services in completing and delivering abstracts of land owned by the defendants and in recording a certain mortgage; that the total value of the services rendered under the agreement amounts to $8,866; that the plaintiff has made demand for payment but the defendants have failed and continue to fail to pay the amount owing to the plaintiff.

Jurisdiction is based on diversity of citizenship. The plaintiff is a resident

of the State of Illinois and defendants are residents of the State of Missouri. The amount in controversy fairly exceeds $3,000, exclusive of interest and costs.

The defendant B. K. Leach filed his motion to dismiss the action on the grounds that it is transitory in nature and it has not been brought in the district in which the defendants reside. The defendants Egyptian Tie and Timber Company and Oil Management, Inc., filed their motion to dismiss the action, or in lieu thereof, to quash the return of service of summons for the reason that service was not made by a proper party.

■ Defendant Leach asserts he is a resident of the State of Missouri and under the provisions of Section 1391(a), Title 28 U.S.C.A., this action must be brought in the Missouri District Court.

Section 1391(a), Title 28, U.S.C.A., provides:

"(a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside."

It is apparent that this assertion of defendant Leach is without merit. The statute above clearly provides that an action such as the one here under consideration may be brought in one of two districts. These districts are (1) where all the plaintiffs reside, or (2) where all defendants reside. The action here was brought in the district in which the plaintiff resides and is, therefore, brought in the proper district, provided proper service of summons has been made on the defendant so as to give this court jurisdiction over him.

All the defendants assert that the service of summons was improperly made in that the service was made outside the district in which this court sits and is, therefore, invalid and of no force or effect.

A summons was issued by the Clerk of this court. The original summons bears the following return:

"I hereby certify and return that on the 6th day of August, 1957, I received this summons and served it together with the complaint herein as follows: By delivering a true copy of summons together with copy of complaint attached thereto as furnished by the Clerk of the court to the within named defendant B. K. Leach 25 1948 Railway Exchange Building, St. Louis, Missouri, on August 12, 1957;

"I further executed the within summons by delivering a true copy of summons together with copy of complaint attached thereto as furnished by the Clerk of the court for each of the within named defendants, Egyptian Tie and Timber Company, a corporation, and Oil Management, Inc., a corporation, to B. K. Leach, president for each corporation, at 1948 Railway Exchange Building, St. Louis, Missouri, on August 12, 1957.

"Omer L. Schnatneier
"United States Marshal
"/s/ Tilden Delaney
"Deputy United States Marshal"

The return shows that service was made on defendant Leach and the corporations by leaving a copy of the summons and complaint with defendant B. K. Leach personally, and as an agent of the corporations. It further appears that the defendants were served in the State of Missouri.

Rule 4 of the Federal Rules of Civil Procedure, Title 28 U.S.C.A., prescribes the manner in which service of process shall be made. It reads as follows:

"(d) The summons and complaint shall be served together. The plaintiff shall furnish the person making service with such copies as

are necessary. Service shall be made as follows:

"(1) Upon an individual other than an infant or an incompetent person, by delivering a copy of the summons and of the complaint to him personally or by leaving copy thereof at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process. * * *

"(3) Upon a domestic or foreign corporation or upon a partnership or other unincorporated organization which is subject to suit under a common name by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to *any other agent authorized by appointment* or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant. * * *

"(7) Upon a defendant of any class referred to in paragraph (1) or (3) of this subdivision of this rule, it is also sufficient if the summons and complaint are served in the manner prescribed by any statute of the United States *or in the manner prescribed by the law of the state in which the service is made for the service of summons or other like process upon any such defendant in an action brought in the courts of general jurisdiction of that state.*" (Emphasis supplied.)

Rule 4(d) (1), 4(d) (3), and 4(d) (7) must be read together. The words " * * * prescribed by the law of the state in which the service is made * * *" in 4(d) (7) should be interpreted as meaning the law of the state existing at the time service is made.

Rule 4(d) (7) specifically provides that in addition to other modes of service prescribed by the Rules, it is also sufficient if the summons and complaint are served in the manner prescribed by the law of the state in which service is made for the service of summons or other like process upon any such defendant or defendants in an action brought in a court of general jurisdiction of that state. In an opinion filed by this court on September 11, 1957, entitled Star v. Rognaly, 162 F.Supp. 181, it was there pointed out that "If the rule-making bodies intended that summons issued out of the federal courts shall be restricted to the territorial limits of the state in which the court sits, why did they insert in 4(d) (7) the language followed by the word 'or' as above set forth. Why waste time and space with meaningless provisions." The various states have the right to protect their citizens and this right extends to the right to pass laws which will be in furtherance of such protection. It is beyond dispute that nonresidents have the right to enter any state in this union. However, when he does so he is subject to the laws of that state and is answerable for the violation of any of those laws. Rule 4(d) (7) permits service to be made in the manner prescribed by state statute. The validity depending only on the validity of the statute whereby such service is prescribed. In the instant case service on the defendants was apparently attempted to be made pursuant to the provisions of Sections 16 and 17 of Chapter 110, Illinois Revised Statutes 1955, which read as follows:

"16. Personal service outside state. (1) Personal service of summons may be made upon any party outside the state. If upon a citizen or resident of this State or upon a person who has submitted to the jurisdiction of the courts of this State, it shall have the force and effect of personal service of summons within this State; otherwise it shall have

the force and effect of service by publication."

"17. Act submitting to jurisdiction—Process.

"(1) Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits said person, and, if an individual, his personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of said acts:

"(a) The transaction of any business; * * *

"(b) The commission of a tortious act; * * *

"(c) The ownership, use, or possession of any real estate situated in this State;

"(d) Contracting to insure any person, property or risk located within this State at the time of contracting.

"(2) Service of process upon any person who is subject to the jurisdiction of the courts of this State, as provided in this section, may be made by personally serving the summons upon the defendant outside this State, as provided in this Act, with the same force and effect as though summons had been personally served within this State.

"(3) Only causes of action arising from acts enumerated herein may be asserted against a defendant in an action in which jurisdiction over him is based upon this section.

"(4) Nothing herein contained limits or affects the right to serve any process in any other manner now or hereafter provided by law."

The above sections were held constitutional by the Illinois Supreme Court in Nelson v. Miller, 1 Ill.2d 378, 143 N. E.2d 673. However, in the instant case there is no showing, nor is it alleged in the complaint or briefs that the defendants have performed any of the acts enumerated in Section 17 which would make them amenable to service under that act, nor is there any other authority presented which would make them amenable to service of summons served outside the State of Illinois which would give this court jurisdiction over these defendants. It is alleged that the defendants became liable for work performed by the plaintiff within the State of Illinois, but it is not shown that this business was transacted in the State of Illinois, nor is any tortious act shown to have been committed in Illinois, nor does the cause arise out of the ownership, use, or possession of real estate in the State of Illinois, nor does the cause arise out of insuring any person, property or risk within the State of Illinois.

It is specifically provided by Section 17 in paragraph (3) thereof that "only causes of action arising from acts enumerated herein may be asserted against a defendant in an action in which jurisdiction over him is based upon this section." Since it does not appear that the defendants have performed any of the acts which render them amenable to service under this section and since there is no other authority whereby the defendants may be served outside of the state in which this court sits, the court is of the opinion that the service of summons was not properly made and, therefore, this court lacks jurisdiction over these defendants.

In Chapter 32, Section 157.106 of Illinois Revised Statutes 1955, it is provided that in order for a foreign corporation, such as the defendant corporations in this suit, to transact any business within this state, such corporation shall make application to the Secretary of State and procure a certificate of authority to transact business in this state. One of the prerequisites for the doing of any business in the state by a foreign corporation is that there be

filed with the Secretary of State the address of its proposed registered office in the state and the name of its proposed registered agent in this state. Service of process on a foreign corporation operating within the State of Illinois is specifically provided by Chapter 32, Section 157.111 of the Illinois Revised Statutes, 1957, which provides as follows:

"Service of process in any suit, action, or proceeding, or service of any notice or demand required or permitted by law to be served on a foreign corporation may be made on such corporation by service thereof on the registered agent of such corporation. Whenever any foreign corporation authorized to transact business in this State shall fail to appoint or maintain in this State a registered agent upon whom service of legal process or service of any such notice or demand may be had, or whenever any such registered agent cannot with reasonable diligence be found at the registered office in this State of such corporation, or whenever the certificate of authority of any foreign corporation shall be revoked, then and in every such case the Secretary of State shall be irrevocably authorized as the agent and representative of such foreign corporation to accept service of any process, or service of any notice or demand required or permitted by law to be served upon such corporation. Service on the Secretary of State of any such process, notice, or demand against any such foreign corporation shall be made by delivering to and leaving with him, or with any clerk having charge of the corporation department of his office, duplicate copies of such process, notice, or demand. In the event

that any process, notice, or demand is served on the Secretary of State, he shall immediately cause a copy thereof to be forwarded by registered mail, addressed to such corporation at its principle office as the same appears in the records of the Secretary of State. Any service so had on the Secretary of State shall be returnable in not less than thirty days.

"Nothing herein contained shall limit or affect the right to serve any process, notice, or demand required or permitted by law to be served upon a foreign corporation in any other manner now or hereafter permitted by law.

"The Secretary of State shall keep a record of all processes, notices, and demands served upon him under this section, and shall record therein, the time of such service and his action with reference thereto."

There is nothing alleged in this case which would show this court that the defendant corporations have transacted business within the state whereby they have been required to register with the Secretary of State. However, if such were the case, then the defendants could be served within the State of Illinois as provided in the above quoted statute.

Since service on the defendants was not properly made within the jurisdiction of this court or in any manner prescribed for service outside the jurisdiction of this court, the service of process on the defendants was ineffective to bring them within the jurisdiction of this court. Defendant Leach's motion to dismiss the action should be allowed. The defendants Egyptian Tie and Timber Company and Oil Management, Inc., motion to quash return of service of summons should be allowed.