**Ralph TUDESCO**

v.

**PUBLISHERS COMPANY.**

**Civ. A. No. 30409.**

United States District Court
E. D. Pennsylvania.

Aug. 6, 1964.

------◆------

Maurice J. Friedman, Philadelphia, Pa., for plaintiff.

Marvin Comisky, of Blank, Rudenko, Klaus & Rome, Morris L. Weisberg, Philadelphia, Pa., for defendant.

BODY, District Judge.

This case is now before the Court on defendant's motion pursuant to Rule 12 (b) of the Federal Rules of Civil Procedure to dismiss plaintiff's action or, in the alternative to quash the return and service of summons.

Defendant claims it is a corporation organized under the laws of the State of Maryland and is not subject to the service of process within the Eastern District of Pennsylvania, or the Commonwealth of Pennsylvania. Furthermore, defendant contends that it has been served improperly with process in this action because it has neither expressly nor impliedly, by any act or omission to act, or by operation of law or otherwise, appointed the Secretary of the Commonwealth of Pennsylvania to receive service of process for it; and that the service of process made upon the Secretary of the Commonwealth of Pennsylvania, and by registered mail to the defendant, is invalid under the rules of this Court and the laws of the Commonwealth of Pennsylvania.

Plaintiff alleges in his complaint that he is a citizen of the Commonwealth of Pennsylvania, and that on or about August 30, 1960 he entered into an oral contract with the defendant, which was represented at that time by its president, Charles W. Lockyer. Under the terms of the alleged contract plaintiff was to receive a finder's fee of ten percent (10%) of such financing as he could be instrumental in procuring for the defendant; and in addition, plaintiff was to have an option to purchase 100,000 shares of defendant's Class "A" Common Stock at the price of $2.50 per share, providing the said option was exercised within a five year period. Plaintiff further avers that in performance of his part of the agreement he contacted an individual who arranged with several New York brokerage houses to secure financing for defendant by means of a public stock issue.

It is to be noted in the petition by plaintiff to the Court requesting substituted service upon the defendant plaintiff conceded to the following: (1) defendant was not incorporated in the Commonwealth of Pennsylvania; (2) defendant maintained its principal place of business in Washington, D. C., and has no offices or other places of business within the Commonwealth of Pennsylvania; (3) defendant has no agent authorized to accept service in the Commonwealth of Pennsylvania and has not appointed the Secretary of the Commonwealth or any other public officer as a statutory agent to receive service of process.

Rule 4(d) (7) of the Federal Rules of Civil Procedure provides that service shall be made:

"(7) Upon a defendant of any class referred to in paragraph (1) or (3) of this subdivision of this rule, it is also sufficient if the summons and complaint are served in the manner prescribed by any statute of the United States or in the manner pre-

scribed by the law of the state in which the district court is held for the service of summons or other like process upon any such defendant in an action brought in the courts of general jurisdiction of that state."

The Pennsylvania Business Corporation Law, 15 P.S. § 2852–1011, provides:

"B. Any foreign business corporation which shall have done any business in this Commonwealth, without procuring a certificate of authority to do so from the Department of State, shall be conclusively presumed to have designated the Secretary of the Commonwealth as its true and lawful attorney authorized to accept, on its behalf, service of process in any action arising within this Commonwealth. \* \* \*

"C. For the purposes of determining jurisdictions of courts within this Commonwealth, the entry of any corporation into this Commonwealth for *the doing of a series of similar acts for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object, or doing a single act in this Commonwealth for such purpose, with the intention of thereby initiating a series of such acts, shall constitute 'doing business.'* " (Emphasis supplied)

■ Publishers Company, Inc. is not subject to substituted service under the provisions quoted above unless it has entered the Commonwealth for the purpose of doing a series of similar acts or doing a single act with the intention of thereby initiating a series of such acts for a pecuniary benefit. Neither plaintiff's complaint nor plaintiff's affidavit asserts a series of similar acts, or a single act initiating a series of such acts. Plaintiff's complaint merely alleges that an oral contract was entered into between plaintiff and defendant. Plaintiff's af-

fidavit states that plaintiff and Mr. Lockyer, president of defendant corporation, met in Philadelphia and discussed financing arrangements for said corporation; that as the result of the said discussion, an oral contract was entered into and plaintiff was invited to come to Washington, D. C. to obtain a written confirmation of the said agreement; that plaintiff did call on defendant corporation at which time he was informed that due to the lateness of the hour the confirmation letter would be mailed to him the next day, and accordingly it was mailed. The only additional facts asserted in the affidavit are that Mr. Lockyer made repeated telephone calls from Washington to Philadelphia, the home of the plaintiff, inquiring as to the progress of his efforts.

■ From all of the facts it is evident that the jurisdictional requirement as to a series of acts or an act initiating a series of acts for pecuniary benefit has not been sustained. At oral argument it was requested by counsel for the plaintiff that if the Court decided to sustain the position of the defendant, then this action should be transferred to the District of Columbia. This Court has the power to effect such a transfer and accordingly, the case will be transferred to the District Court of the District of Columbia. United States v. Berkowitz, 328 F.2d 358 (3d Cir. 1964).

ORDER

And now, this sixth day of August, 1964, in accordance with the foregoing opinion, IT IS ORDERED that the motion of Publishers Company, Inc. to dismiss the complaint be and the same is hereby denied.

It is further ordered that the Clerk of the Court transfer the record of the above-captioned case to the Clerk of the Court for the United States District Court for the District of Columbia.