AMERICAN INSTITUTE OF MARKETING SYSTEMS, INC. v. WILLARD REALTY COMPANY INC. OF RALEIGH

No. 7010DC187

(Filed 6 May 1970)

1. Process § 12;  Judgments § 51—  action to enforce foreign judgment against corporation — contract naming agent to accept service in other state — validity of service on agent

   In this action to enforce a judgment obtained in another state by plaintiff against defendant North Carolina corporation, provision of a con-

tract between the parties entered in the other state naming a person in that state to serve as defendant's agent "for the receipt of any legal documents including process as may be required under this Agreement or the enforcement thereof" *is held* sufficient to give the courts of the other state jurisdiction over the person of defendant in an action on the contract by service of process on the agent named in the contract, absent a showing by defendant that it had no actual notice of the suit.

**2. Courts § 2; Judgments § 51—    presumption of jurisdiction**
    Jurisdiction will be presumed until the contrary is shown.

APPEAL by defendant from *Barnette, District Judge,* 13 November 1969 Session, WAKE District Court.

This is an action on a judgment obtained by plaintiff, American Institute of Marketing Systems, Inc. (AIMS), against defendant in a magistrate's court in the State of Missouri. Defendant filed answer in Wake District Court denying the indebtedness and alleging that the judgment of the Missouri court was not valid for that it had no jurisdiction over defendant.

Jury trial was waived and plaintiff introduced into evidence a duly exemplified copy of the transcript of proceedings in the Missouri court. The transcript revealed that summons was served by leaving a copy "at the regular business office of the within named appointed agent, George M. Kinder"; that plaintiff's attorney appeared at the time and place designated in the summons but defendant made no appearance; and that plaintiff was entitled to recover $1,369.00 plus court costs of defendant. Defendant offered evidence that included a written contract between plaintiff and defendant which was the basis for the Missouri lawsuit. The contract is dated 12 March 1966, provides among other things that plaintiff is a Missouri corporation, designates plaintiff as "Aims" and defendant as "Broker" and includes in paragraph 5f the following:

> "Aims and Broker mutually agree that Mr. George M. Kinder, located at Route 3 Box 25, U.S. Hwy. 40, in Chesterfield, St. Louis County, Missouri, shall serve Aims as its nominee for the receipt of materials under paragraph 5. sub-paragraph a. above and shall serve Broker as Broker's Agent for the receipt of any legal documents including process as may be required under this Agreement or the enforcement thereof."

District Court Judge Barnette found facts as contended by plaintiff, concluded that service of process on Kinder as appointed agent of defendant was valid. Vesting the Missouri court with personal jurisdiction over defendant, and entered judgment in favor of plaintiff for the amount prayed.

Defendant appealed, assigning error.

*Jordan, Morris & Hoke by Charles B. Morris, Jr., for plaintiff appellee.*

*Boyce, Mitchell, Burns & Smith by Eugene Boyce for defendant appellant.*

BRITT, J.

[1]   The main question for our consideration is whether contract provision 5f naming George M. Kinder to "serve Broker as Broker's Agent for the receipt of any legal documents including process as may be required under this Agreement or the enforcement thereof" is a sufficiently clear and definite announcement to defendant that in entering such a contract he consented to a method by which he might be sued in Missouri.

The Supreme Court of Missouri in the case of *State ex rel AIMS v. Cloyd,* 433 S.W. 2d 559 (Mo. 1968), pointed out that the Missouri Civil Rule 54.06 allows service "by delivering a copy of the summons and of the petition to an agent authorized by appointment or required by law to receive service of process." The question before that court was the validity of a contractual provision (appearing in an AIMS form contract and containing the language found in clause 5f in the instant case) to support service of process; that is, whether the contractual provision purporting to establish agency brought the case within Missouri Civil Rule 54.06. The Missouri court considered the case of *National Equipment Rental, Ltd. v. Szukhent,* 375 U.S. 311, 11 L. Ed. 2d 354, 84 S. Ct. 411 (1964), as authority which "strongly supports the contention of relator that the service in question was valid."

A discussion of the law on sufficiency of service on foreign corporations found in 36 Am. Jur. 2d, Foreign Corporations, § 261, p. 265, concludes: "Whatever mode of service may be employed, and whether it is in conformity with a statute or not, in order to confer jurisdiction, it must meet the requirements of due process of law, and its sufficiency is therefore a federal question which must be determined by the state courts in harmony with the decisions of the United States Supreme Court."

In *Szukhent, supra,* the U. S. Supreme Court considered whether the "agent" established by a contractual provision was "an agent authorized by appointment * * * to receive service of process" within Rule 4(d)(1), Federal Rules of Civil Procedure, so as to sub-

ject the defendants to the jurisdiction of the federal court in New York. In that case, the pertinent contract clause provided that the Michigan lessee of certain farm equipment "hereby designates Florence Weinberg, 47-21 Forty-first Street, Long Island City, N. Y., as agent for the purpose of accepting service of any process within the State of New York." The lessee was "not acquainted with Florence Weinberg." Upon proper motion, the district court quashed service of the summons and complaint on the grounds that as the lease agreement had not explicitly required Florence Weinberg to notify the defendants, there was a "failure of the agency to achieve intrinsic and continuing reality." The Court of Appeals affirmed, 311 F. 2d 79, and the U. S. Supreme Court granted certiorari, 372 U.S. 974, 10 L. Ed. 2d 141, 83 S. Ct. 1110. The Supreme Court, in a 5-4 decision, held that Florence Weinberg was "an agent authorized by appointment * * * to receive service of process" and accordingly reversed the judgment. (See strong dissenting opinion by Justice Black.)

The instant case presents a federal question which must be determined in harmony with the decisions of the U. S. Supreme Court and its decision in *Szukhent, supra,* favors plaintiff. That decision does say: "We need not and do not in this case reach the situation where no personal notice has been given to the defendant. * * * The case before us is therefore quite different from cases where there was no actual notice * * *. A different case would be presented if Florence Weinberg had not given prompt notice to the respondents, for then the claim might well be made that her failure to do so had operated to invalidate the agency."

**[2]**   However, the language from *Szukhent* last quoted does not help defendant here as jurisdiction will be presumed until the contrary is shown. *Levin v. Gladstein,* 142 N.C. 482, 55 S.E. 371 (1906). Defendant was entitled to actual notice when action against it was instituted in Missouri to the end that defendant might appear and have its "day in court." But, the burden was on defendant to show that it (defendant) was not given such notice if that were true; it made no such showing or contention in the trial in this jurisdiction.

For the reasons stated, the judgment appealed from must be

Affirmed.

BROCK and GRAHAM, JJ., concur.