Cheshire,
No. 6013.

PARAGON HOMES, INC.

*v.*

WILLIAM J. GAGNON and MARTHA M. GAGNON.

June 2, 1970.

*Harkaway, Gall & Shapiro* ( *Mr. Aaron A. Harkaway* orally ), for the plaintiff.

*Howard B. Lane* ( by brief and orally ), for the defendants.

GRIMES, J. This is an action on a judgment obtained by the plaintiff against the defendants in the supreme court of New York. Defendants contend that since they were not served with process within the state of New York, the judgment is not entitled to full faith and credit in the courts of this State. The matter arises out of a written contract signed by the defendants in this State

for the purchase of materials for the construction of a Paragon Home. The contract provided that it would be binding on the plaintiff only when signed by one of its officers or accepted by registered or certified mail. The plaintiff's place of business is in Mineola, New York.

The contract contained the following provisions:

"4. The parties agree that this Agreement shall be interpreted according to the laws of the State of New York and that the Supreme Court of New York, County of Nassau, shall have jurisdiction for the purpose of adjudication of all their respective rights and liabilities hereunder, including, but not limited to, damages for the breach thereof. The parties hereto shall and they hereby do waive trial by jury in any action, proceeding or counterclaim brought by either party hereto against the other on any matters whatsoever arising out of or in any way connected with this Agreement.

"5. The parties hereto designate and appoint the United States Corporation Company, 60 Wall Street, New York, New York 10005, as agent for the purpose of accepting service of any process pertaining to any action, suit or proceeding arising out of this Agreement. The parties hereto agree that the United States Corporation Company's sole responsibility shall be to mail, by ordinary mail, a copy of any process served upon it, to the proper party designated in such process at the address set forth herein by such party and upon mailing it shall have no further responsibility and/or liability of any nature whatsoever as to either party hereto except for its failure or refusal to accept or mail process as set forth herein."

Defendants were served with process in this State by a deputy sheriff. They did not appear to contest the action in New York.

The Trial Court (*Morris, J.*), transferred a question to determine if the judgment is entitled to full faith and credit when the jurisdiction claimed to be vested in the New York court was based on Paragraph 4 of the agreement. We hold that it is.

The judgment of a court of a sister state must be given full faith and credit if, but only if, that court had jurisdiction of the subject matter and of the person (*Williams v. North Carolina,* 325 U.S. 226, 89 L. Ed. 1577, 65 S. Ct. 1092) and this State may validly inquire into the jurisdiction of the New York court (*Id.* at 234), that issue not having been litigated there. See *Durfee* v. *Duke,* 375 U.S. 106, 11 L. Ed. 2d 186, 84 S. Ct. 242.

Although service upon the defendants or their agent within the State of New York was essential to that court's jurisdiction to render a personal judgment against the defendants which would be entitled to full faith and credit here, that requirement of service can be waived and jurisdiction over the person can be conferred by consent. *National Equipment Rental Ltd. v. Szukhent*, 375 U.S. 311, 11 L. Ed. 2d 354, 84 S. Ct. 411; *Jackson v. Company*, 86 N.H. 341, 168 A. 895.

It is our opinion that Paragraph 4 of the sales agreement was intended to confer jurisdiction over the parties in the New York court without the necessity of personal service within that state. Paragraph 5 sets forth a method by which service can be made, and service in that manner would be sufficient to confer personal jurisdiction over the defendants. *National Equipment Rental Ltd. v. Szukhent, supra.* All that defendants were entitled to under Paragraph 5 was to have notice sent to them by ordinary mail by the designated agent. They have no cause to complain because they actually received notice by personal service upon them by a deputy sheriff.

The New York judgment is entitled to full faith and credit here.

*Remanded.*

All concurred.