493 P.2d 954

Robert W. WINWARD, Plaintiff-Appellant

v.

HOLLY CREEK MILLS, INC., Defendant-Appellee.

No. 9342.

Supreme Court of New Mexico.

Feb. 11, 1972.

470

Toulouse & Moore, Larry D. Beall, Gallagher & Ruud, Albuquerque, for appellant.

Sutin, Thayer & Browne, Irwin S. Moise, Albuquerque, for appellee.

## OPINION

MONTOYA, Justice.

Robert W. Winward, hereinafter referred to as "plaintiff," brought this suit in the District Court of Bernalillo County, New Mexico, to recover wages and commissions allegedly owed by Holly Creek Mills, Inc., hereinafter referred to as "defendant." Defendant entered a special appearance for the purpose of contesting jurisdiction of the court over the defendant. Defendant moved to quash service of process, supporting its motion with an affidavit. Plaintiff responded to the motion with an affidavit of his own. After a hearing on the motion, an order was entered quashing the service and dismissing the action for lack of jurisdiction over the defendant. Plaintiff appeals from that order.

From the affidavits of the parties, it appears that defendant is a Georgia corporation engaged in the manufacture of rugs and carpets. It is not qualified to do business in New Mexico; it does not maintain offices, bank accounts, or inventories here; nor does it own real or personal property in this state. Plaintiff bases his action upon an oral contract between plaintiff and defendant entered into in Phoenix, Arizona, under which he was retained as as agent for the solicitation of orders for the purchase of defendant's products. Pursuant to the contract, plaintiff solicited orders for defendant's products from three businesses in Albuquerque, New Mexico, and one in Santa Fe, New Mexico. It also appears that plaintiff arranged for advertising of defendant's products through customer price reductions, and that plaintiff was paid a salary by defendant, delivered to him by mail or wire within the state of New Mexico.

The basis upon which plaintiff asserts jurisdiction over defendant is § 21–3–16, N.M.S.A., 1953 Comp. (Repl. Vol. 4, 1970), the so-called "long arm statute." Under

the provisions of this statute, the "transaction of any business within this state" is one method by which a person submits himself to the jurisdiction of the courts of New Mexico in any cause arising out of that transaction. Thus, the questions on appeal are whether the acts of defendant were sufficient to bring it within the "transaction of any business" provision of the statute for jurisdictional purposes; and, if so, whether plaintiff's cause of action arose out of those transactions.

■ This court, in McIntosh v. Navaro Seed Company, 81 N.M. 302, 466 P.2d 868 (1970), restated the constitutional principle that, to subject a defendant to in personam jurisdiction if he is not within the state, there must be certain "minimum contacts" with the state, so that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. The question is whether the actions of the defendant amounted to a "transaction of any business within this state" so that subjecting the defendant to jurisdiction would not offend traditional notions of fair play and substantial justice. Whether the statute applies must be determined by the facts of each case. Blount v. T D Publishing Corporation, 77 N.M. 384, 423 P.2d 421 (1966).

■ We hold that the actions of defendant in having plaintiff solicit orders, make delivery to purchasers, advertise its products through plaintiff, and pay plaintiff wages and commissions within the state of New Mexico, constitute the transaction of business within the meaning of § 21–3–16, supra. These actions are minimum contacts which subject defendant to our courts without offending traditional notions of fair play and substantial justice.

Defendant relies upon Grobark v. Addo Machine Co., 16 Ill.2d 426, 158 N.E.2d 73 (1959), for the proposition that merely shipping orders into a state is not sufficient to subject the shipper to in personam jurisdiction under a long arm statute very much like our own. However, that case is distinguishable because Addo Machines employed no agents in Illinois, whereas, in the instant case, it is admitted that plaintiff was acting as defendant's agent here in New Mexico. Therefore, defendant had a "presence" in New Mexico through its agent that Addo did not have in the Illinois case.

■ Defendant cites cases and the statutory language of § 51–30–1, N.M.S.A., 1953 Comp. (1971 Pocket Supp.), dealing with the solicitation of orders as not constituting transaction of business within New Mexico. However, these provisions, by the statute's own terms, are for "purposes of the Business Corporation Act," and not for testing jurisdiction under § 21–3–16, supra. These provisions establish requirements for corporations should they desire to resort to the courts of this state in seeking remedies. On the other hand, the long arm statute submits a corporation to the jurisdiction of the courts through its acts, regardless of the corporation's intention to use the courts.

Having decided that the acts of defendant constituted transacting business in New Mexico within the terms of § 21–3–16, supra, we turn to the question of whether plaintiff's cause arose out of the business transacted.

Section 21–3–16, supra, establishes two requirements for the assertion of jurisdiction over a non-resident not within the state. First, the defendant must have done one of the acts enumerated in the statute; and second, the plaintiff's cause of action must arise from defendant's doing the act.

■ On appeal, defendant argues that the trial court correctly quashed service because the suit was upon a contract made in Arizona, not upon acts arising out of transaction of business in New Mexico. In support of this contention, defendant relies upon Koplin v. Thomas, Haab & Botts, 73 Ill.App.2d 242, 219 N.E.2d 646 (1966), citing the following:

"* * *. Its purpose [arising from language of the long arm statute] is to insure that there is a close relationship between a non-resident defendant's juris-

dictional activities and the cause of action against which he must defend. * * * "

We subscribe to this view. There must be a close relationship between jurisdictional activities and the cause of action. Had defendant read that case further, he would have discovered the test employed by the Illinois court to determine whether there is a close relationship between the jurisdictional activity and the plaintiff's claim. There the court stated:

> " * * * [T]he statutory phrase 'arising from' requires only that the plaintiff's claim be one which lies in the wake of the commercial activities by which the defendant submitted to the jurisdiction of the Illinois courts. * * * "

This is the proper method for determining whether a plaintiff's claim arises from defendant's jurisdictional activities. Like the test for determining whether the activities subject a defendant to jurisdiction, the test for determining whether the claims arise from those activities must be decided on a case by case basis.

Thus, the question is whether plaintiff's claim for wages and commissions lies in the wake of defendant's commercial activities in New Mexico. Plaintiff's claim meets the requirements of this test. Defendant's jurisdictional activities consisted of the solicitation of business, advertising its products through customer discounts, having its agent physically present in the state for those purposes, and delivering payment to plaintiff within New Mexico. At oral argument, defendant's counsel admitted that the New Mexico courts would have jurisdiction in any action arising out of the sale of defendant's products in New Mexico in a suit brought by its New Mexico customers. It follows that any dispute arising out of payment to the agent for services in representing the defendant's business transactions in New Mexico would be within the wake of defendant's commercial activity. Plaintiff's claim, therefore, is one "arising from" the transaction of business within New Mexico.

The order of the district court in quashing service upon the defendant is hereby reversed and the case remanded with direction to reinstate plaintiff's complaint upon the docket of said court.

It is so ordered.

McMANUS and OMAN, JJ., concur.