**A. A. R. REALTY CORPORATION, a Delaware Corporation, et al., Plaintiffs,**

v.

**UNITED STATES FIRE INSURANCE COMPANY, a New York Corporation, et al., Defendants.**

Superior Court of Delaware, New Castle.

March 12, 1975.

William D. Bailey, Jr., Bayard, Brill & Handelman, Wilmington, for plaintiffs.

Vincent A. Theisen, Theisen, Lank & Mulford, Wilmington, for Bayly, Martin & Fay, Inc., a New York corporation, the moving defendant.

## OPINION

CHRISTIE, Judge.

Plaintiff, A.A.R. Realty Corporation (hereinafter referred to as AAR) originally sought declaratory judgment in this action against United States Fire Insurance Company, a New York corporation, Hartford Fire Insurance Company, a Connecticut corporation, Bayly, Martin & Fay, Inc., a Delaware corporation, and Crum & Forster Insurance Companies, a foreign corporation. AAR alleges with respect to the defendant, Bayly, Martin & Fay, Inc., of Delaware (hereinafter referred to as BMF–DEL), the negligent failure to perform its duty as an insurance broker to provide comprehensive insurance protection for AAR on property located in the Tri-State Mall, Claymont, Delaware, which was damaged by the flooding of Naamans Creek. AAR is charged with liability in a pending action in this Court on account of damages caused by the flooding.

The appearance of counsel for BMF–DEL was noted and BMF–DEL moved to dismiss the complaint for failure to state a claim upon which relief may be granted. The ground for the motion was an assertion that BMF–DEL was an improper party to the action because it had no relationship to the transactions set forth in the original or the amended complaint. Discovery was then initiated by AAR through a motion to produce. BMF–DEL responded with a motion for a protective order seeking a stay for all further discovery proceedings pending the resolution of BMF–DEL's motion to dismiss. Thereafter, while discovery was held in abeyance, AAR filed their third amended complaint seeking to add as an additional party, Bayly, Martin & Fay, Inc., of New York (hereinafter referred to as BMF–NY), a New York corporation.

BMF–NY in turn moved to dismiss the third amended complaint against it on the ground, inter alia, that this Court lacked in personam jurisdiction over BMF–NY. This opinion deals only with the motion of BMF–NY to dismiss the case against it for lack of jurisdiction.

Plaintiff, AAR, is a corporation duly organized and existing under the laws of Delaware. A. A. Rosen and Miriam Rosen are officers of AAR and residents of the State of New York. AAR and the Rosens are among the defendants in a Superior Court action designated as Levitz Furniture Company of Wilmington v. Wilmington Shopping Center, Inc., et al.

In the Levitz suit, plaintiff alleges that AAR leased certain premises to Levitz in

the Tri-State Mall, Claymont, Delaware, which, during the term of the lease agreement, were inundated by the flood waters of Naamans Creek causing damage to the plaintiff, Levitz, as a proximate result of the failure of AAR and the Rosens to perform their legal obligations or honor their contractual duties to Levitz.

In this proceeding, AAR alleges that it engaged BMF–NY to obtain general liability insurance protection with respect to the subject property. BMF–NY is alleged to have procured what purported to be such coverage from defendants, United States Fire Insurance Company, Crum & Forster Insurance Companies, Employers Liability Assurance Corporation, Ltd., and Royal Indemnity Company, all of which are co-defendants in this proceeding.

These carriers, however, have taken the position that the respective insurance policies issued by them did not cover AAR or the Rosens as to the legal liability which AAR or the Rosens may have as to Levitz on account of the special circumstances giving rise to the Levitz suit. To protect itself in the event that the Levitz suit should result in a ruling that AAR is liable and in the further event it is determined that the insurance coverage obtained by BMF–NY does not cover the claim, AAR by this suit seeks a declaratory judgment adjudicating BMF–NY's negligence and its liability for any damages proximately flowing from its failure to obtain the expected coverage.

Defendant BMF–NY is a corporation of the State of New York maintaining its principal place of business at 99 John Street, New York, New York.

BMF–NY is duly licensed by the Insurance Department of the State of New York to act as an insurance broker within the State of New York. BMF–NY is not an insurance company and is not licensed by the Insurance Commissioner of New York or of Delaware to write insurance within Delaware. Neither BMF–NY nor any predecessor corporation or subsidiary have ever been incorporated in Delaware.

BMF–NY is not qualified or registered to do any kind of business in Delaware. It is asserted that BMF–NY has not negotiated or placed any insurance within Delaware or transacted any of its business therein. BMF–NY has had no contract with AAR in Delaware. It has had no employees residing in Delaware, maintained no telephone, no office or representative address within Delaware and had solicited no business in Delaware. It owns no real estate in Delaware, engages in no advertising in Delaware and owns no stock in any Delaware corporation. BMF–NY has paid no taxes to Delaware and it has sent no employees into Delaware for the purpose of conducting its business.

BMF–NY's pertinent involvement as to the Delaware coverage is that it procured and assembled in New York State an insurance protection package which included one or more policies covering the AAR properties and activities in Claymont, Delaware.

The major question to be decided herein is whether BMF–NY has had sufficient minimal contacts within Delaware so as to subject it to service of process under 8 Del.C. § 382(a) and (b), the Delaware "long arm statute."[1] I find that the facts

1. "(a) Any foreign corporation which shall transact business in this State without having qualified to do business under § 371 of this title shall be deemed to have thereby appointed and constituted the Secretary of State of this State, its agent for the acceptance of legal process in any civil action, suit, or proceeding against it in any State or Federal Court in this State arising or growing out of any business transacted by it within this State. The transaction of business in this State by such corporation shall be a signification of the agreement of such corporation that any such process when so served shall be of the same legal force and validity as if served upon an authorized officer or agent personally within this State.

(b) The provisions of § 373 of this title shall not apply in determining whether any foreign corporation is transacting business in this State within the meaning of this section; and "the transaction of business" or "business

support a conclusion that the moving defendant has transacted no business in Delaware and has not had the requisite minimum contacts in this State. The requirements of the long arm statute have not been met and the moving defendant is not subject to service of process in this State.

Defendant BMF–NY, as a licensed New York insurance broker, procured insurance coverage from various insurance companies at the request of the plaintiff, AAR. All of defendant's transactions took place in New York, and the fact that one of the locations provided for under the insurance package was situated in Delaware is not such a significant transaction involving contact by defendant in Delaware as would make the corporation subject to service in this State.

The plaintiff contends that the requirements of the long arm statute are met under the approach taken in the landmark case International Shoe Company v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). In that case, it was emphasized that the significant transactions or minimum contacts were continuous and systematic. Whereas in the case at bar, BMF–NY had no phone, office, or agent in Delaware. All business was transacted in New York with plaintiff's New York office. There were no business contacts by BMF–NY in Delaware and, certainly, there was no systematic or continuous business contacts here.

The plaintiff also cites McGee v. International Life Insurance Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957) which presented a situation where an insurance company (not a broker) had its policy delivered within the state assuming personal jurisdiction and where the premiums were mailed from within the state and the plaintiff policy-holder was a resident of that state. The crucial difference is that here BMF–NY is not an insurance company but only an insurance broker which entered into its contracts for the procurement of insurance with the plaintiff in New York. The premiums were mailed or delivered from plaintiff's New York office to BMF–NY, and the policies were ultimately delivered in New York.

There was no significant contact with Delaware by BMF–NY. Some of the insurance policies procured by the defendant for the plaintiff covered properties in many states within the United States. One of plaintiff's properties, Tri-State Mall, happened to be located in Delaware. All that the defendant-broker did, in effect, was to secure insurance policies from various insurance companies covering plaintiff's properties.

 The plaintiff asserts that since the policies were countersigned by resident agents of the insurance companies in Delaware as required by 18 Del.C. § 527(a), defendant has transacted business in Delaware by operation of law. This contention is based on a misunderstanding of the statute. The intent of the statute is to assure the collection of taxes derived from insurance premium payments, not for establishing jurisdiction. Furthermore, the statute required signatures of registered agents of insurers, not the agents of brokers such as BMF–NY.

 BMF–NY was not an agent of the insurance companies in question and 18 Del.C. § 527 does not apply to foreign insurance brokers under the circumstances here present. Actions taken under it by insurers do not establish a business transaction in Delaware by a broker such as defendant.

Plaintiff's citation of County Plumbing and Heating Co. v. Strine, Del.Super., 272 A.2d 340 (1970) is not helpful to plaintiff because of the dissimilar set of facts there

---

transacted in this State," by any such foreign corporation, whenever those words are used in this section, shall mean the course or practice of carrying on any business activties in this State, including, without limiting the generality of the foregoing, the solicitation of business or orders in this State. The provisions of this section shall not apply to any insurance company doing business in this State."

presented. In that case, a foreign corporation was held subject to Delaware service of process under 8 Del.C. § 382 because its agents or employees solicited orders, sold products, and visited customers within Delaware and this was held to constitute a course of business within the State. BMF–NY did not solicit business and visit customers in Delaware. BMF–NY's activities took place in New York where it was contacted by the plaintiff to perform services outside of Delaware.

■ It is pointed out that Reliance Appraisal Company made an appraisal in Delaware of the plaintiff's property in Delaware. But, in that case, Reliance acted as an agent for AAR, not for BMF–NY. AAR requested the appraisal and BMF–NY merely contacted a New Jersey appraisal firm on behalf of AAR. This was clearly not a business transaction by the moving defendant in Delaware.

The plaintiffs cite Gentry v. Wilmington Trust Company, 321 F.Supp. 1379 (D.C. Del.1970) where service was had upon a defendant because an independent contractor was soliciting business in Delaware on a regular basis for defendant, a foreign corporation. In the case at bar, the independent contractor, Reliance, was performing an appraisal for and at the initial request of the plaintiff, AAR, and not for BMF–NY. Under its lease with AAR, Tri-State Associates was granted appraisal rights. In an attempt to meet its obligation to Tri-State Associates, AAR had BMF–NY contact the New Jersey-based Reliance. Hence, Reliance was doing the appraisal work for AAR. The ruling in the *Gentry* case finds no application under those circumstances.

■ The plaintiff also asserts that the defendant is estopped from denying the personal jurisdiction of Delaware because the defendant represented that it could, as a broker, procure insurance coverage for the plaintiff's Delaware property. It is asserted that BMF–NY represented to AAR that it was a national organization "authorized to do business and write insurance in

the State of Delaware." Such assertion would be an unusual one for a mere broker to make, but, assuming it was made, it must be viewed as a representation of ability to place insurance with those authorized to write insurance in Delaware. Brokers place insurance with others; they do not write insurance as an insurer.

■ In any event, in order for BMF–NY to have waived its constitutional rights of due process in respect to service of process, it must have intended to waive such rights. Pepsi-Cola Bottling Co. v. Pepsico, Inc., Del.Supr., 297 A.2d 28, 33 (1972). There is no evidence or reason to believe that the defendant intended to waive its right to avoid improper service of process. Assuming, however, that plaintiff did rely on the general representations made by the defendant and placed actual reliance on what it thought to be a right to sue a New York corporation in Delaware, such reliance was misplaced under the circumstances here present. Defendant did not evidence a consent to Delaware jurisdiction by acting as an insurance broker in New York.

BMF–NY could do the business the plaintiff called on it to do without being subject to process in each state where the insurer obtained by plaintiff covered risks. BMF–NY was not soliciting the plaintiff's insurance business for itself as insurer. The plaintiff was requesting the defendant to act for it in placing business with others who are subject to service in Delaware. The limited correspondence BMF–NY had about claims under the Delaware policies is also deemed to be of no significance.

■ The plaintiff presents further argument based on what it calls "basic fairness." However, basic fairness dictates that the function of an insurance broker should not be confused with that of an insurer. When these two functions are properly distinguished, it becomes clear that the defendant's brokerage transactions did not take place in Delaware. BMF–NY transacted its business within the confines of New York. Basic fairness would indi-

cate that New York would be an appropriate forum for litigation in this matter, and a suit is pending there raising the issues which plaintiff seeks to raise in this suit.

 Finally, basic fairness requires an objective analysis of the Delaware legislature's intent to regulate local insurance agents and brokers. The actions taken by BMF–NY in finding coverage for AAR involves no violation of Delaware's insurance statutes or regulations. The provisions of 18 Del.C. Chapter 17, governing "Agents, Brokers, Solicitors and Adjustors," do not forbid the transactions which took place in this case and they do not attempt to confer personal Delaware jurisdiction over foreign insurance brokers transacting business outside the State even though such brokers place policies covering Delaware property with insurance companies licensed to write insurance on property located in Delaware.

Under the circumstances outlined herein, the long arm statute finds no application and the purported service of process will be quashed, and the complaint against BMF–NY is dismissed.

It is so ordered.