543 P.2d 825

**TELEPHONIC, INC., a New Mexico Corporation, Plaintiff-Appellant,**

v.

**Murray R. ROSENBLUM, Defendant-Appellee.**

No. 10502.

Supreme Court of New Mexico.

Dec. 17, 1975.

Adams & Foley, Albuquerque, for plaintiff-appellant.

Richard B. Addis, Albuquerque, for defendant-appellee.

OPINION

OMAN, Justice.

This is a suit by a New Mexico corporation, whose principal office is in Albuquerque, against a resident of the State of California. A copy of the summons and complaint were served upon defendant, Rosenblum, in Santa Clara County, California. The district court quashed the service and dismissed the complaint upon the ground of lack of jurisdiction over the person of Rosenblum. Plaintiff, Telephonic, has appealed. We affirm.

The resolution of the question of in personam jurisdiction over Rosenblum depends entirely upon (1) whether he intentionally agreed to waive his constitutional right of due process with respect to his right to be sued in a forum properly having jurisdiction over his person, or (2) whether he transacted business in New

Mexico and thereby submitted himself to the jurisdiction of the New Mexico courts within the contemplation of the provisions of § 21-3-16, N.M.S.A.1953 (Repl. Vol. 4, Supp.1973). This statute provides in pertinent part that a person, whether or not a citizen or resident of this State, who in person or through an agent transacts any business within this State, thereby submits himself to the jurisdiction of this State as to any cause of action arising from the transaction of such business.

Our statute was taken from Illinois, and the interpretations by the Illinois courts of the Illinois statute are persuasive. *Blount v. T D Publishing Corporation,* 77 N.M. 384, 423 P.2d 421 (1966); *Hunter-Hayes Elevator Co. v. Petroleum Club Inn Co.,* 77 N.M. 92, 419 P.2d 465 (1966); *Gray v. Armijo,* 70 N.M. 245, 372 P.2d 821 (1962); *Melfi v. Goodman,* 69 N.M. 488, 368 P.2d 582 (1962).

We have repeatedly equated the "transaction of business"—insofar as the acquisition of long-arm jurisdiction under our statute is concerned—with the due process standard of "minimum contacts" sufficient to satisfy the "traditional conception of fair play and substantial justice" announced in *International Shoe Co. v. State of Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). *Diamond A Cattle Company v. Broadbent,* 84 N.M. 469, 505 P.2d 64 (1973); *Winward v. Holly Creek Mills, Inc.,* 83 N.M. 469, 493 P.2d 954 (1972); *Hunter-Hayes Elevator Co. v. Petroleum Club Inn Co.,* supra; *Melfi v. Goodman,* supra.

We have also repeatedly held that whether or not the statute applies—meaning whether the party did transact business in New Mexico within the contemplation of our statute—must be determined by the facts in each case. *Diamond A Cattle Company v. Broadbent,* supra; *Winward v. Holly Creek Mills, Inc.,* supra; *Hunter-Hayes Elevator Co. v. Petroleum Club Inn Co.,* supra. The doing or transacting of business, in the context of that term as we are now concerned with it, has been defined as follows:

> "Doing business is doing a series of similar acts for the purpose of thereby realizing pecuniary benefit, or otherwise accomplishing an object, or doing a single act for such purpose with the intention of thereby initiating a series of such acts."

Restatement (Second) of Conflict of Laws § 35, comment a at 142 (1971).

In the present case the facts are:

(1) Telephonic is a mortgage investment broker in Albuquerque, New Mexico.

(2) Rosenblum is apparently a resident of California. In any event, at no time within the past ten years has he been in the State of New Mexico.

(3) In or about July of 1974, Telephonic began communicating by telephone and mail with a person who was then associated with or subsequently became associated with Rosenblum at Rosenblum's address in San Jose, California.

(4) Subsequently, a written contract, entitled "Authorization to Obtain Loan," was prepared by Telephonic and sent by it to Rosenblum at his San Jose address. He accepted and signed the contract in California on August 24, 1974, and returned it to Telephonic in New Mexico. The contract was signed in New Mexico on August 26, 1974 by an officer of Telephonic.

(5) The provision of the contract upon which Telephonic particularly relies, in support of its position that New Mexico courts have jurisdiction over the person of Rosenblum, reads:

> "The undersigned acknowledges that in exclusively employing, commissioning and authorizing Telephonic to obtaining financing, loans or commitments thereof, that the undersigned is transacting business within the state of New Mexico and that this Agreement and Authorization was negotiated and accepted in and shall be governed by the laws of the State of New Mexico."

(6) Telephonic allegedly procured a loan commitment pursuant to the contract, but Rosenblum failed and refused to pay the claimed commission in the amount of $20,000. This suit ensued.

In *Diamond A Cattle Company v. Broadbent,* supra, we denied long-arm jurisdiction over a nonresident defendant served with process outside New Mexico who had entered into a joint venture. with a New Mexico resident for the purpose of buying and selling cattle. None of the cattle purchased or sold pursuant to the joint venture were purchased or sold in New Mexico, but the nonresident defendant made payments to the resident plaintiff at its New Mexico office and made a trip to New Mexico to meet with plaintiff for the purpose of concluding the affairs of the joint venture and settling his obligation to plaintiff. We held under these facts it would be neither fair nor just to subject the defendant to in personam jurisdiction in the New Mexico courts.

In *Winward v. Holly Creek Mills, Inc.,* supra, we held the nonresident defendant was subject to jurisdiction over his person by the New Mexico courts. In that case, however, the nonresident defendant, a Georgia corporation, had entered into a contract of employment with plaintiff in the State of Arizona. By that contract, plaintiff was retained as defendant's agent for the solicitation of orders for the purchase of defendant's products. Pursuant to the contract, plaintiff solicited orders for defendant's products from four businesses in New Mexico, arranged for advertising of defendant's products in New Mexico, and was paid a salary by defendant which was delivered to him in New Mexico. Defendant also shipped its products into New Mexico pursuant to the orders secured by plantiff. We held that these contacts were sufficient to satisfy the traditional notions of fair play and substantial justice and warranted the exercise over defendant of in personam jurisdiction by the New Mexico courts. Accord, *Pope v. Lydick Roofing Company of*

*Albuquerque,* 81 N.M. 661, 472 P.2d 375 (1970); *Hunter-Hayes Elevator Co. v. Petroleum Club Inn Co.,* supra; *Melfi v. Goodman,* supra.

■ Telephonic contends that the fact that the contract was signed by it in New Mexico after Rosenblum had signed it in California makes it a New Mexico contract and this has some overriding significance. Although under the facts there may be some question as to when and where the contract was actually consummated, we assume plaintiff's position to be correct, that the contract was executed in New Mexico at the time Telephonic signed it. However, the place of execution of the contract, although a circumstance to be considered in determining whether or not a person is transacting business in this State within the contemplation of § 21–3–16, supra, it is certainly not a controlling, an essential, or even a highly significant fact in making this determination. See *Melfi v. Goodman,* supra (contract executed in New Mexico, jurisdiction upheld). See also *Winward v. Holly Creek Mills, Inc.,* supra; *Hunter-Hayes Elevator Co. v. Petroleum Club Inn Co.,* supra (contracts executed outside of New Mexico, jurisdiction upheld); *Diamond A Cattle Company v. Broadbent,* supra (place of contract not stated, jurisdiction denied).

A case involving facts almost identical to those in the present case, upon the issue of "transacting business," was *Tudesco v. Publishers Company,* 232 F.Supp. 638 (E.D.Pa.1964). The court in that case held that the Pennsylvania statute providing long-arm jurisdiction over those "doing business" in Pennsylvania was not applicable.

Analogous situations have resulted from suits by real estate brokers. These suits have been brought in State A by real estate brokers of that state who have found tenants or buyers in that state for real estate owned in State B by residents of that state. In *Davis v. Nehf,* 14 Ill.App.3d 318, 302 N.E.2d 382 (1973), the Illinois court refused to give effect to a New York

judgment obtained by the plaintiff, a New York real estate broker who had secured a New York tenant for Illinois property belonging to defendant, an Illinois resident. The New York long-arm statute, as is the New Mexico statute, was modeled upon the Illinois statute, and insofar as the question presently being considered is concerned, the language of the statutes are identical. The Illinois court held that under New York precedent there had been a failure to establish the "purposeful act" or "minimum contact" sufficient to constitute "transacting business" and, thus, to sustain jurisdiction in the New York court.

In the earlier New York case of *Glassman v. Hyder,* 23 N.Y.2d 354, 296 N.Y.S. 2d 783, 244 N.E.2d 259 (1968), the plaintiff, a real estate broker in New York, brought suit in New York against the defendants, residents of New Mexico, for a real estate commission claimed as a result of securing a New York buyer for the defendants' New Mexico property. In our opinion, contacts of the defendants with New York in that case were comparable to those of Rosenblum with New Mexico in the present case. The New York Court of Appeals upheld the reversal of the judgment for the broker on the ground that there was no transaction of business by defendants in New York within the contemplation of the long-arm statute.

In the concluding footnote of the later case of *Parke-Bernet Galleries, Inc. v. Franklyn,* 26 N.Y.2d 13, 308 N.Y.S.2d 337, 256 N.E.2d 506 (1970), the New York Court of Appeals distinguished *Glassman v. Hyder,* supra, and its progeny by stating:

"It is sufficient to point out that in each of those cases, all of which involved agents who were suing their principals, the *plaintiff was relying on his own activities within the State,* and not those of the defendant, as the basis for jurisdiction. In other words, *in no one of these cases had the defendant himself engaged in purposeful activity within the State nor had the cause of action arisen out of transactions with third parties conducted through an agent."* (emphasis added).

In *A. Millner Company v. Noudar, Lda.,* 24 A.D.2d 326, 266 N.Y.S.2d 289 (1966), the Appellate Division of the New York Supreme Court opined:

"If the plaintiff were an employee of or an agent acting exclusively for the defendant, plaintiff's acts, in and of themselves, performed for the defendant in New York would suffice to establish jurisdiction of the action against the defendant. [citations omitted. Accord, *Winward v. Holly Creek Mills, Inc.,* supra.] But it is asserted and not denied that the plaintiff is an independent broker representing many different companies on a commission basis, in no way under the defendant's control. In such circumstances the acts of the broker representative, the plaintiff herein, are not the acts of the so-called principal, and do not create a basis for jurisdiction against this defendant. [citations omitted.]"

In *Orton v. Woods Oil and Gas Co.,* 249 F.2d 198 (7th Cir. 1957), it was held that jurisdiction under the Illinois long-arm statute was not acquired over the Louisiana defendant by reason of the performance in Illinois by plaintiffs of professional services for defendant. The said professional services consisted of legal and engineering services rendered in connection with the incorporation of defendant under Delaware law, registration of defendant's securities in Washington, D.C. for public sale, the procurement of an underwriter for the sale of registered stock, and a designation of plaintiffs as "agents for service" in the registration statement filed with the Securites and Exchange Commission. The court observed and held:

"[D]efendant's sole business contact with the State of Illinois was its dealings with plaintiffs.

" * * *.

" * * *. The fact that plaintiffs did most of their actual work in Chicago in accomplishing their assignments seems to

us to be a slender thread on which to hang their claim for jurisdiction over defendant in Illinois. We do not believe that defendant had such 'minimum contacts' with the territory of the forum chosen by plaintiffs to subject it to a judgment *in personam.* To do so, would 'offend traditional notions of fair play and substantial justice.'

" * * *.

"We shall not engage in a further definition of 'the transaction of any business within this State.' It is sufficient here to hold that the performance of the professional services by plaintiffs for the benefit of defendant as herein outlined, standing alone, are insufficient to bring defendant within any reasonable construction of the Act in question. To rule otherwise would be to stretch the doctrine of the International Shoe case to the breaking point, and to expand the Illinois concept of state jurisdiction over nonresidents beyond the limit imposed by due process."

See also *Bonan v. Leach,* 22 F.R.D. 117 (E.D.Ill.1957); *Belmont Industries, Inc. v. Superior Ct. of Stanislaus Cty.,* 31 Cal. App.3d 281, 107 Cal.Rptr. 237 (1973); *Winick v. Jackson,* 49 Misc.2d 1009, 268 N.Y.S.2d 768 (Sup.Ct.1966).

█ Rosenblum did not transact business within New Mexico and thereby submit himself to the jurisdiction of the New Mexico courts under the provisions of § 21–3–16, supra.

As to the effect of the above quoted provision of the contract, that the "undersigned acknowledges * * * that the undersigned is transacting business within the state of New Mexico and that this Agreement and Authorization was negotiated and accepted in and shall be governed by the laws of the State of New Mexico," we first observe that there is some ambiguity and grammatical inaccuracy in the language thereof. Telephonic urges that a construction of this language is equivalent to saying that Rosenblum voluntarily submitted himself to the jurisdiction of the New Mexico courts in the event a controversy should arise under the contract. We disagree.

█ One may agree in advance to submit to the jurisdiction of the courts of a certain state. *National Equipment Rental v. Szukhent,* 375 U.S. 311, 84 S.Ct. 411, 11 L.Ed.2d 354 (1964); *Island Territory of Curacao v. Solitron Devices, Inc.,* 356 F.Supp. 1 (S.D.N.Y.), aff'd 489 F.2d 1313 (2d Cir.), cert. denied, 416 U.S. 986, 94 S. Ct. 2389, 40 L.Ed.2d 763 (1973); *Bowles v. J. J. Schmitt & Co.,* 170 F.2d 617 (2d Cir. 1948); *Paragon Homes, Inc. v. Gagnon,* 110 N.H. 279, 266 A.2d 207 (1970); *Battle v. General Cellulose Co.,* 23 N.J. 538, 129 A.2d 865 (1957); *Gilbert v. Burnstine,* 255 N.Y. 348, 174 N.E. 706 (1931); Restatement (Second) of Conflict of Laws § 32 (1971). However, we are of the opinion that a contractual agreement by a nonresident of this State, that the contract "shall be governed by the laws of New Mexico" and that the nonresident is "transacting business within New Mexico" by entering into the contract, is not sufficiently definite, or so unequivocal upon the issue of submission to the jurisdiction of our courts, to constitute an effective waiver of the constitutional right of due process with respect to the right to be sued in a forum wherein in personam jurisdiction may clearly and properly be obtained in accordance with traditional notions of fair play and substantial justice. An agreement to waive this constitutional right must be deliberately and understandingly made, and language relied upon to constitute such a waiver must clearly, unequivocally and unambiguously express a waiver of this right. See generally *Bowles v. J. J. Schmitt & Co.,* supra; *American Inst. of Mktg. Sys. v. Willard Realty Co.,* 8 N.C.App. 43, 173 S.E.2d 519, rev'd on other grounds, 277 N. C. 230, 176 S.E.2d 775 (1970); *A.A.R. Realty Corp. v. United States Fire Ins. Co.,* 335 A.2d 271 (Del.Super.1975).

Telephonic's argument, that, if one can unknowingly "submit" to the jurisdiction

**538**

of the New Mexico courts by actually doing business in the State, surely an agreement to knowingly submit thereto should be equally effective, is not only erroneous but misconceives the purpose of our statute. The validity of this argument must depend upon the premise that Rosenblum agreed to submit to the jurisdiction of the New Mexico courts. We have already stated that in our opinion he did not so agree. Additionally, the statute relates to the "minimum contacts" with New Mexico which are required to constitute the transaction of business within this State. It is the transaction of such business within the State which makes the exercise of in personam jurisdiction under our statute consistent with "traditional notions of fair play and substantial justice" and secures unto the defendant his constitutional right to due process.

The judgment of the trial court should be affirmed.

It is so ordered.

McMANUS, C. J., and SOSA, J., concur.