691 P.2d 462

**Barbara KATHREIN, Plaintiff-Appellee,**

v.

**PARKVIEW MEADOWS, INC.,
Defendant-Appellant.**

No. 15545.

Supreme Court of New Mexico.

Nov. 29, 1984.

Martin & Hilton, P.A., Robert Hilton, Albuquerque, for plaintiff-appellee.

Miller, Stratvert, Torgerson & Brandt, P.A., Stephen M. Williams, Albuquerque, for defendant-appellant.

## OPINION

FEDERICI, Chief Justice.

This case is before us on writ of certiorari from the Court of Appeals. The only issue raised is whether the defendant's contacts with the State of New Mexico were sufficient to constitute a "transaction of business" within the State, so that the defendant is subject to personal jurisdiction under the New Mexico long-arm statute, NMSA 1978, Section 38–1–16. The trial court denied a motion to dismiss for lack of jurisdiction and certified the question to the Court of Appeals. The Court of Appeals stated that the defendant's activities within New Mexico did not rise to the level of transacting business, and held that the defendant's motion to dismiss the complaint for lack of jurisdiction should be granted. We reverse.

Barbara Kathrein, the plaintiff-petitioner (plaintiff), is a New Mexico resident. Parkview Meadows, Inc., the defendant-respondent (defendant) is a Minnesota corporation which operates an alcoholism treatment

center, known as "The Meadows," in Arizona. At the time this cause of action arose, defendant carried on certain activities in New Mexico: defendant advertised its alcoholism treatment center in the yellow pages of the Albuquerque telephone directory for the years 1981 and 1982, and defendant contacted the director of the Albuquerque affiliate of the National Council on Alcoholism to solicit his referral of patients to the treatment center. Plaintiff's husband attended the treatment program in Arizona, in August 1982. While her husband was undergoing treatment, plaintiff herself received in the mail a brochure from defendant, inviting her to attend the treatment program's "Family Week." An employee of defendant also telephoned plaintiff from Arizona, to encourage her attendance. In response to this solicitation, plaintiff attended Family Week, for which she was charged a fee.

The complaint alleges that as a result of her participation in Family Week, plaintiff suffered personal injury in the form of emotional and psychological trauma. Because process was served in Arizona and service was not obtained under NMSA 1978, Section 38-1-6, jurisdiction must be established under the long-arm statute, NMSA 1978, Section 38-1-16. The relevant portion of the statute provides for jurisdiction over any person who transacts "any business" within the state, as to any cause of action "arising from" that transaction of business. NMSA 1978, § 38-1-16(A)(1).

The Court of Appeals held that defendant's ongoing solicitation activities in New Mexico—its solicitation of referrals and its advertising in the phone directory—did not bear a close relationship to the plaintiff's cause of action, and therefore could not be the basis of long-arm jurisdiction over defendant. The long-arm statute requires that the cause of action arise from the defendant's transaction of business within the State. However, defendant's invitation to plaintiff to attend the program's Family Week, and plaintiff's subsequent attendance, were an integral part of defendant's overall program of alcoholic treatment. The invitation followed by attendance were

a direct outgrowth of defendant's general solicitation for business in New Mexico. This cause of action does arise out of defendant's solicitation of business in New Mexico.

■ The Court of Appeals further held that defendant's phone call to the plaintiff, and mailing of a brochure to her, were insufficient to constitute a transaction of business within New Mexico. The Court of Appeals apparently reasoned that some further impact within the State, beyond mere solicitation, is necessary if jurisdiction over defendant is to meet statutory and constitutional standards. Those acts, however, taken together with defendant's general solicitation activities within the State, were of sufficient magnitude, and were sufficiently related to the cause of action, that exercise by New Mexico courts of jurisdiction over defendant is proper.

■ The constitutional requirement relating to personal jurisdiction was announced in *International Shoe Co. v. State of Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945), in which the Court stated that, for due process standards to be met, the defendant need have only "certain minimum contacts" with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Such minimum contacts clearly existed in this case. Defendant's activities within the State were continuous and purposeful. Defendant availed itself "of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958).

New Mexico's statutory standard for obtaining long-arm jurisdiction has been "repeatedly equated" with the due process standard of "minimum contacts." *Telephonic, Inc. v. Rosenblum*, 88 N.M. 532, 534, 543 P.2d 825, 827 (1975). The Court of Appeals correctly noted that various factors are relevant in determining whether a nonresident defendant transacted any busi-

ness within the State, including the voluntariness of the defendant's contact with the State, the nature of the transaction, the applicability of New Mexico law, the contemplation of the parties, and the location of likely witnesses. *See Empress International, Ltd. v. Riverside Seafoods, Inc.,* 112 Ill.App.3d 149, 67 Ill.Dec. 891, 445 N.E.2d 371 (1983).

Given the level of defendant's activity within New Mexico, it seems fair to say that its conduct in this State was entirely voluntary, and that it reasonably could have contemplated being subject to New Mexico jurisdiction. In this respect the instant case is distinguishable from *Telephonic, Inc. v. Rosenblum,* 88 N.M. 532, 543 P.2d 825 (1975) (nonresident defendant was contacted in California by resident plaintiff and parties entered into contract; no jurisdiction over defendant), and is more analogous to *Winward v. Holly Creek Mills, Inc.,* 83 N.M. 469, 493 P.2d 954 (1972) (nonresident defendant hired resident plaintiff to arrange advertising and solicit orders for defendant's products in New Mexico, defendant paid a salary to plaintiff in New Mexico and shipped products to New Mexico; jurisdiction asserted over defendant). Also, while the factors listed by the Court of Appeals are generally relevant, the applicability of the long-arm statute "must be determined by the facts in each case." *Telephonic, Inc.,* 88 N.M. at 534, 543 P.2d at 827. Under the facts in this case, defendant's activity within the State clearly rose to the level of transacting business. It is not singly significant to the result we reach that plaintiff travelled to Arizona to attend "Family Week." Plaintiff went there to participate in the treatment program which her husband was attending as a result of defendant's earlier solicitation in New Mexico. Defendant's total activities in New Mexico were sufficient to subject defendant to the jurisdiction of the New Mexico court in this case.

For reasons stated, we reverse the Court of Appeals, affirm the trial court, and re-mand the cause for further proceedings consistent with this opinion.

IT IS SO ORDERED.

SOSA, Senior Justice, and RIORDAN, and WALTERS, JJ., concur.

STOWERS, J., dissents.

STOWERS, Justice, dissenting.

I dissent. The majority conclude that "[d]efendant's total activities in New Mexico were sufficient to subject defendant to the jurisdiction of the New Mexico court in this case." However, defendant's activities consisted only of a phone call and the mailing of a brochure from Arizona to plaintiff in New Mexico. This does not constitute the transaction of business.

The record indicates that the advertisement of defendant's alcoholism treatment center in the yellow pages of the Albuquerque telephone directory for the years 1981 and 1982 only gave Arizona phone numbers; therefore, one would expect that any business done with "The Meadows" would have to be done in Arizona. Although "The Meadows" made contact with the director of the Albuquerque affiliate of the National Council on Alcoholism to solicit his referral of patients to the treatment center, the record does not disclose whether such referrals ever took place.

Finally, plaintiff failed to establish any relationship between these activities and her cause of action. The long-arm statute requires a close relationship between a nonresident defendant's jurisdictional activities and the cause of action against which he must defend. *Winward v. Holly Creek Mills, Inc.,* 83 N.M. 469, 493 P.2d 954 (1972). Plaintiff's cause of action arises from conduct which Arizona rather than New Mexico has the most, if not all, significant connections.

Because of the foregoing, I agree with the rationale of the Court of Appeals and their conclusion that "plaintiff has not sustained her burden to demonstrate a cause of action arising from a jurisdicitonal act specified by statute." Plaintiff's complaint should be dismissed.