703 P.2d 932

Kay Finley FOX, Petitioner-Appellant,

v.

Dean Alan FOX, Respondent-Appellee.

No. 8546.

Court of Appeals of New Mexico.

July 2, 1985.

Charlotte Mary Toulouse, Toulouse, Toulouse & Garcia, P.A., Albuquerque, for petitioner-appellant.

Jan B. Gilman, Atkinson & Kelsey, P.A., Albuquerque, for respondent-appellee.

## OPINION

HENDLEY, Judge.

Kay's petition for an increase in child support from ex-husband Dean, a Louisiana resident, was dismissed for lack of personal jurisdiction. We proposed summary affirmance pursuant to NMSA 1978, Crim., Child.Ct., Dom.Rel. & W/C App.Rule 207(d) (Repl.Pamp.1983). We are not persuaded by Kay's memorandum in opposition and affirm the trial court's dismissal.

The undisputed facts as recited in Kay's docketing statement are as follows:

A. Dean Fox is a resident of Mandeville, Louisiana and Kay Fox is a resident of Bernalillo County, New Mexico.

B. The parties were divorced in Louisiana in 1982.

C. Kay Fox was awarded custody of the parties' three children and child support was set at Nine Hundred Fifty Dollars ($950.00) per month.

D. Since September 1982, Dean Fox has resided in Texas or Louisiana. He has never been a resident of New Mexico.

E. The parties knew that Kay Fox would live in New Mexico after their separation.

F. Kay Fox and Dean Fox have never resided together as a married couple in

New Mexico, although they visited here several (6–8) times during the marriage because Kay Fox's parents live here.

G. Dean Fox has traveled to New Mexico several times since 1982 to visit with the children.

H. Kay Fox domesticated the Louisiana Decree in New Mexico and then filed a Petition to Increase Child Support.

I. Dean Fox was personally served with the Summons in Louisiana.

Here there was no claim that the parties ever resided as a married couple within New Mexico. *See Allen v. Allen,* 52 N.M. 174, 194 P.2d 270 (1948). Nor is there any contention that Dean is in arrears on his child support obligation, a circumstance that might bring him within the purview of our state's long-arm statute. *See State ex rel. Garcia v. Dayton,* 102 N.M. 327, 695 P.2d 477 (1985). Thus, we based our proposed summary affirmance in part upon NMSA 1978, Section 38–1–16, which provides for personal jurisdiction over persons who do any of the enumerated acts, including

> (5) with respect to actions for divorce, separate maintenance or annulment, *the circumstance of living in the marital relationship within the state,* notwithstanding subsequent departure from the state, as to all obligations arising from alimony, child support or real or personal property settlements under Chapter 40, Article 4, NMSA 1978 if one party to the marital relationship continues to reside in the state. (Emphasis added.)

We further pointed out that even if the New Mexico long-arm statute were to include the activity of child support as a circumstance authorizing personal jurisdiction, the exercise of jurisdiction would still be contingent upon there being the requisite "minimum contacts" between Dean and the State of New Mexico so as to satisfy constitutional due process. *Tarango v. Pastrana,* 94 N.M. 727, 616 P.2d 440 (Ct.App.1980); *Kulko v. Superior Court of California,* 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978).

Kay now contends that jurisdiction can be asserted on the basis of Subsection 1 of the long-arm statute, providing for jurisdiction over those who transact "any" business in the State of New Mexico. She argues that this provision has "time and again been interpreted to extend *in personam* jurisdiction to the permissible limits of due process." This may be true, *see United Nuclear Corp. v. General Atomic Co.,* 91 N.M. 41, 570 P.2d 305 (1977); however, under the facts of this case, we disagree on two grounds. First, this argument was not raised in the trial court, and second, we disagree that Dean's activity of supporting his minor children can be equated with the commercial activity of transacting business.

In *United Nuclear,* cited by Kay, personal jurisdiction was asserted on the basis of the defendant's participation in a series of complex and substantial business activities involving the purchase and sale of New Mexico uranium. The court in *United Nuclear* listed ten separate activities linking the defendant to New Mexico, then stated the following: "Although any one of these activities may not be sufficient to meet the 'minimum contacts' requirement, in assessing the totality of the circumstances we feel that Detroit's actions have subjected it to New Mexico's jurisdiction."

What is apparent in *United Nuclear,* and in subsequent New Mexico cases, is that our courts continue to adhere strictly to the fundamental precepts of constitutional due process: that personal jurisdiction must be based on "minimum contacts" with the forum state, and this determination turns on the degree to which the person over whom jurisdiction is sought has purposefully availed himself of the benefits, protections, and privileges of the laws of the state. *See Customwood Mfg., Inc. v. Downey Construction Co., Inc.,* 102 N.M. 56, 691 P.2d 57 (1984), and *Kathrein v. Parkview Meadows, Inc.,* 102 N.M. 75, 691 P.2d 462 (1984). The activity of supporting minor children does not fall within any provision of the New Mexico long-arm

statute as it is presently worded, nor does the fact of such support constitute minimum contacts sufficient to subject nonresident parents to the jurisdiction of New Mexico courts.

We agree with *Boyer v. Boyer*, 73 Ill.2d 331, 22 Ill.Dec. 747, 383 N.E.2d 223 (1978), relying on *Kulko*, which stated:

> Whether the jurisdictional requirement involves the commission of a tortious act or whether, as in *Kulko*, it requires that the defendant cause an effect in the State by an act done elsewhere, under the facts of our case, as in *Kulko*, the quality and nature of the defendant's activities in Illinois were not such that it would be reasonable and fair to require him to conduct his defense here. Also, as in *Kulko*, the defendant in our case derived no commercial or personal benefit from the presence of his children or his ex-wife in Illinois; thus, the facts of our case support neither the reasonableness-and-fairness test nor the minimum-contact criterion of due process.

*See also Miller v. Kite*, 313 N.C. 474, 329 S.E.2d 663 (1985), 11 F.L.R. 1383 (1985); *Kumar v. Superior Court of Santa Clara County*, 32 Cal.3d 689, 186 Cal.Rptr. 772, 652 P.2d 1003 (1982). *See* 76 A.L.R.3d 708 (1977) for a general discussion on the issue of jurisdiction over a nonresident parent.

Affirmed.

IT IS SO ORDERED.

WOOD and ALARID, JJ., concur.