679 P.2d 268

Dawn Adrian SWINDLE,
Plaintiff-Appellant,

v.

GENERAL MOTORS ACCEPTANCE
CORP., Defendant,

and

Bill Swad Chevrolet, Inc.,
Defendant-Appellee.

No. 7297.

Court of Appeals of New Mexico.

Feb. 28, 1984.

Certiorari Denied March 28, 1984.

Don Klein, Jr., Albuquerque, John P. Viebranz, Reinard & Viebranz, P.C., Socorro, for plaintiff-appellant.

Richard M. Reidy, Albuquerque, for defendant-appellee Bill Swad Chevrolet, Inc.

## OPINION

MINZNER, Judge.

Plaintiff Dawn Adrian Swindle ("Swindle") sued General Motors Acceptance Corporation ("GMAC") and Bill Swad Chevrolet, Inc. ("Swad") for fraud, revocation of acceptance, and various statutory violations arising from her purchase of a 1981 Chevrolet Citation from Swad. Swad entered a Special Appearance and moved to dismiss for lack of personal jurisdiction. Following discovery and a hearing, the trial court granted Swad's motion. Swindle appeals.

## FACTS

Swad is an authorized Chevrolet dealership in Columbus, Ohio, engaged in the business of the sale and repair of new and used motor vehicles. Swindle, who was then an Ohio resident, visited Swad in February 1981 to purchase an automobile.

Following negotiations, Swindle signed a Retail Installment Contract on February 27, 1981 to purchase a Citation, represented to her as a new automobile under warranty. Swad subsequently requested that Swindle stop by the dealership to execute a second Installment Sale Contract. Swad indicated that the second contract would make no changes in the substantive terms of the parties' agreement but was necessary because the first contract contained arithmetic mistakes. Swindle signed the second contract on March 2, 1981, before the terms were typed on the document. Swad subsequently completed the second contract.

Swad then assigned the contract to GMAC in Ohio. GMAC's business consists, in part, of financing purchases of automobiles from dealers by retail purchasers. Following Swindle's move to New Mexico, the contract was transferred from the Ohio GMAC office to a New Mexico GMAC office.

The second contract includes a higher cash price, a higher total finance charge, a higher deferred payment price, and higher monthly installment payments. The second contract also represents that the Citation is "Used" rather than "New" as indicated on the first Retail Installment Contract. In signing the second contract, Swindle relied on Swad's allegations that the second contract made no substantive change.

Swindle moved to New Mexico in August 1981. She did not discover the discrepancy in the two contracts' terms until September 1982.

Swindle filed suit against Swad and GMAC in Bernalillo County District Court. Swad moved to dismiss for lack of jurisdiction. The parties then conducted discovery. Swad filed affidavits in support of the Motion to Dismiss, and Swindle filed an Amended Complaint, in which she claimed that Swad and GMAC had acted in concert to induce her to sign the second contract. Swindle did not file any affidavit contesting Swad's factual representations or offering additional evidence.

The trial court granted the Motion to Dismiss. The only questions presented on appeal are whether Swad is subject to jurisdiction under New Mexico's long-arm statute, NMSA 1978, Section 38-1-16, and whether Swad has consented to the exercise of *in personam* jurisdiction by New Mexico. Based on the jurisdictional allegations in the amended complaint and on the record at the hearing before the district court, we conclude that Swad is not subject to jurisdiction either under the statute or by consent, and we affirm the trial court's order dismissing Swindle's complaint against Swad.

I. PREPARATION AND ASSIGNMENT OF A FRAUDULENTLY INDUCED RETAIL INSTALLMENT SALES CONTRACT BY AN OUT-OF-STATE CAR DEALER TO A NATIONWIDE FINANCE COMPANY AS "COMMISSION OF A TORTIOUS ACT" OR AS TRANSACTING BUSINESS WITHIN NEW MEXICO.

We first consider whether Swad submitted to jurisdiction within the meaning of Section 38-1-16(A)(1) or (3) by its preparation of the Retail Installment Sales Contract, its assignment of the contract to

GMAC, and GMAC's subsequent transfer of the assigned contract to New Mexico. Swindle argues that Swad has transacted business in New Mexico under Section 38–1–16(A)(1) or committed a tortious act within New Mexico under Section 38–1–16(A)(3).

A state court may exercise personal jurisdiction over a nonresident defendant only so long as sufficient "minimum contacts" exist between the defendant and the forum state. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). Our courts have equated the "transaction of business" and "the commission of a tortious act" required by our long-arm statute with the due process "minimum contacts" standard. *Telephonic, Inc. v. Rosenblum*, 88 N.M. 532, 543 P.2d 825 (1975); *Tarango v. Pastrana*, 94 N.M. 727, 616 P.2d 440 (Ct.App.1980). Swad's contacts with New Mexico do not satisfy the standard.

The record reveals that Swad has never been authorized to do, nor has it ever done, business in New Mexico. The contracts were prepared in Ohio and assigned to GMAC in Ohio. Swad has not advertised in New Mexico or conducted any other business activities in New Mexico. It has no employees, facilities or agents in New Mexico.

Citing *Blount v. T D Publishing Corp.*, 77 N.M. 384, 423 P.2d 421 (1966), Swindle analogizes Swad's position to that of a manufacturer of a defective product, who must answer for an injury caused by the product wherever injury occurred if the manufacturer has chosen to distribute its product nationally. We find Swindle's analogy unpersuasive.

To satisfy constitutional due process requirements in applying this theory, we must find that Swad has purposely availed itself of the privilege of conducting activities in New Mexico. *World-Wide Volkswagen Corp. v. Woodson*. For example, we might apply this theory if Swad itself had sold a defective product in a nationwide market. That is not the case. Although Swad assigned many of its contracts to GMAC during 1980–82, the record indicates that Swad is an independent, local dealer. Although Swad sold some automobiles to nonresidents, the record indicates that its sales area is Ohio. Under the circumstances of this case, we must reject the analogy.

*World-Wide Volkswagen* expressly distinguished local retailers and regional distributors from national manufacturers and protected the former from suit in distant forums in which they themselves transacted no business. Swindle's argument ignores the distinction *World-Wide Volkswagen* has held due process requires. Swad has not purposefully affiliated with New Mexico within the meaning of *Blount.*

Further, Swindle's allegations that a defective product has injured her within New Mexico are insufficient to bring her under the long-arm statute. In *Roberts v. Piper Aircraft Corp.*, 100 N.M. 363, 670 P.2d 974 (Ct.App.1983), this court recognized a negligent act committed outside New Mexico, which caused injury within New Mexico, as a tortious act under the long-arm statute. The *Roberts* court identified the place of a wrong as that place in which the last event necessary to render the actor liable occurs. If Swindle's allegations are true, Swad became liable in tort when it misrepresented the contents of the second contract and Swindle relied, to her financial disadvantage, on the misrepresentation by signing the contract. Thus, Swad's liability arose in Ohio rather than New Mexico.

Although plaintiff has alleged that she did not discover the misrepresentation until she had moved to New Mexico, we do not think, under the facts of this case, that fraud has been committed in New Mexico. There is no allegation or evidence that Swad's tortious activity continued after Swindle moved to New Mexico.

It is true that Swindle's liability on her contract continued when she moved to New Mexico, but Swad's alleged tortious activity did not continue in New Mexico as a result of Swindle's move. To classify Swindle's continued liability on her contract as suffi-

cient injury committed within New Mexico under *Roberts* would expand our long-arm statute beyond constitutional due process limits. New Mexico cannot exercise personal jurisdiction over a nonresident defendant solely on the basis of a plaintiff's residency at the time of the lawsuit. *Tarango v. Pastrana; cf. Green v. Advance Ross Electronics Corp.*, 86 Ill.2d 431, 56 Ill.Dec. 657, 427 N.E.2d 1203 (1981) (in action claiming breach of fiduciary duty, allegation that defendant had caused diminution of funds of Illinois corporation an insufficient basis for long-arm jurisdiction when all cash payments made to defendant were drawn on Texas bank account; court found that the consequences upon which the party seeking jurisdiction relied were too remote and impact on jurisdiction was too broad).

Finally, Swindle argues that Swad is subject to New Mexico jurisdiction either because GMAC was Swad's agent for repossession under the contract, or on the basis of a general agent-principal relationship between Swad and GMAC. This argument is without merit. The trial court found that Swad and GMAC were not involved in an agent-principal relationship. Swindle had the burden of proving this jurisdictional allegation. *State v. Columbia Research Corp.*, 92 N.M. 104, 583 P.2d 468 (1978). The record as a whole does not support the allegation. Swindle cannot rely upon GMAC's conduct to assert jurisdiction over Swad.

## II. CONSENT TO JURISDICTION IN NEW MEXICO.

Swad agreed, in assigning the contract to GMAC, that a buyer could litigate all claims and defenses against GMAC and that Swad would indemnify GMAC for the unpaid price of the automobile and for expenses. Swindle argues that these clauses represent a consent by Swad to accept jurisdiction wherever these issues might be litigated.

While it is true that a party may agree in advance to submit to the jurisdiction of the courts of a certain state, *Tele-*

*phonic, Inc. v. Rosenblum*, such an agreement must be "deliberately and understandingly made, and language relied upon to constitute such a waiver must clearly, unequivocally and unambiguously express a waiver of this right." *Id.* at 537, 543 P.2d at 830. No such waiver appears in either the contract notice provisions, which are required by federal regulation, or in the language of indemnity. *See* 16 C.F.R. § 433.2 (1982). Thus, Swad has not consented to jurisdiction in New Mexico.

For the foregoing reasons, we affirm the trial court's decision that it lacked personal jurisdiction over Swad.

IT IS SO ORDERED.

DONNELLY, C.J., and NEAL, J., concur.