717 P.2d 596

George VISARRAGA, et al.,
Plaintiffs-Appellants,

v.

GATES RUBBER COMPANY, et
al., Defendants,

Littlejohn's Equipment Company, Inc.,
Defendant-Appellee.

No. 8219.

Court of Appeals of New Mexico.

Feb. 25, 1986.
Certiorari Quashed April 18, 1986.

144

Robert Dale Morrison, P.C., Taos, for plaintiffs-appellants.

Paul L. Butt, Shaffer, Butt, Thornton & Baehr, P.C., Albuquerque, for defendant-appellee.

## OPINION

DONNELLY, Chief Judge.

Plaintiffs appeal from an order granting summary judgment in favor of defendant Littlejohn's Equipment Company, Inc. (Littlejohn). The sole issue on appeal is whether the trial court erred in granting summary judgment in favor of Littlejohn, having concluded that the corporation was not subject to the jurisdiction of the New Mexico courts "as a result of the transaction of business and the commission of a tortious act within the state of New Mexico."

### FACTS

This is an action to recover personal injury and property damages stemming from an explosion and fire, which occurred when a tank truck was making a delivery of gasoline to the service station owned by the plaintiffs, George and Oralia Visarraga. Plaintiffs, George and Oralia Visarraga are the parents of plaintiffs Michael and Wayne Visarraga. The two sons were at the station in Penasco at the time of the explosion.

The trial court entered an order granting the motion for summary judgment of Littlejohn, dismissing it as a defendant on the basis that the court found "no genuine issue as to any material fact on the 'minimum contacts' Littlejohn's lacks with this forum and which are the prerequisites for the Court to assert its jurisdiction." No issue is raised in this appeal concerning the status of the other defendants.

Plaintiffs' first amended complaint alleged *inter alia* that: (1) George and Oralia Visarraga were the owners of a service station; (2) Michael R. and Sue Ellen Robinson, d/b/a Robinson Oil, were agents of Texaco, Inc.; (3) Robinson's employee, Alfonso Vigil, while delivering gasoline to plaintiffs' station in Penasco, on June 11, 1981, negligently caused a fire and explosion; and (4) the fire and explosion resulted in destruction of plaintiffs' station and personal property, as well as impairment of their health, credit and earning ability. The explosion caused the death of the truck driver, Vigil, severe burns to plaintiff Michael Visarraga, and injuries to plaintiff Wayne Visarraga.

The complaint also alleged that Littlejohn was a Colorado corporation, not authorized to transact business in New Mexico, and was engaged in the business of selling products utilized in the distribution of gasoline and similar products; that Littlejohn purchased a hose for a gasoline tank truck from Gates Rubber Company (Gates), in Colorado, and sold the hose to Timpte-Beall. After installing the hose, plaintiffs asserted that, Timpte-Beall sold the tank truck to Robinson Oil Company in New Mexico. Plaintiffs further alleged that the hose used on the tank truck was defective and caused a spark to ignite the gasoline which flowed through the hose and that the negligence of defendants proximately contributed to the damages suffered by plaintiffs.

In response to plaintiffs' complaint, Littlejohn filed an answer and asserted the lack of in personam jurisdiction, among other affirmative defenses. Littlejohn also filed a motion for summary judgment based on the lack of in personam jurisdiction. In support of its motion for summary judgment, Littlejohn attached the affidavit of its company president, Kendall H. Johnson. Johnson's affidavit stated that the hose on the tank truck, delivering gasoline at the time of the fire and explosion, was manufactured by Gates. Gates sold the hose to Littlejohn, who then delivered it to defendant Timpte-Beall.

Plaintiffs recited that in opposition to the motion for summary judgment, they relied "primarily upon the depositions of Carl Almquist, Roger W. Bybee, George T. Cook, Kendall H. Johnson, D.G. Dabbs, Bruce E. Birza, and Clarke Stroud." These depositions, except that of Johnson, were not made part of the record on appeal.

In his deposition, Kendall H. Johnson testified that Littlejohn was engaged in the business of distributing petroleum equipment; that approximately five percent of its business related specifically to the distribution of hoses, nozzles, and related items; that Littlejohn has only three customers in New Mexico and has engaged in business with those customers for between one and four years. Johnson's deposition and affidavit also recited that since 1980, two of these New Mexico resalers have made unsolicited contacts with Littlejohn in Denver, to order parts distributed by Littlejohn.

Johnson's affidavit also asserted that Littlejohn conducts no operations in New Mexico, is not licensed to do business in this state, and does not solicit business in New Mexico. Johnson's affidavit further stated that in July 1978, Timpte-Beall, a Denver-based outfitter of petroleum distributing equipment, contacted Littlejohn and ordered a Gates Rubber 421–B Wagonmaster hose, with fittings appropriate for installation on a gasoline tank truck. The truck with the hose was subsequently sold by Timpte-Beall to Robinson Oil Company in Taos, New Mexico.

## DISCUSSION

Littlejohn contends that New Mexico courts have no basis to exercise personal jurisdiction over it under this state's long-

arm statute, NMSA 1978, Section 38–1–16(A). The latter statute provides in pertinent part:

A. Any person, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts enumerated in this subsection thereby submits himself or his personal representative to the jurisdiction of the courts of this state as to any cause of action arising from:

(1) the transaction of any business within this state;

\* \* \* \* \* \*

(3) the commission of a tortious act within this state[.]

■ Long-arm statutes have been held to be in derogation of the common law, hence, they must be strictly construed. *Worland v. Worland,* 89 N.M. 291, 551 P.2d 981 (1976). In order to satisfy the requirements of the long-arm statute, and invest the courts of this state with jurisdiction, the act complained of must meet a three-prong test: (1) defendant must do one of the acts enumerated in Section 38–1–16(A); (2) plaintiff's cause of action must arise from the specified act, Section 38–1–16(C); and (3) defendant must have minimum contacts sufficient to satisfy due process. *See Telephonic, Inc. v. Rosenblum,* 88 N.M. 532, 543 P.2d 825 (1975). As noted in *Tarango v. Pastrana,* 94 N.M. 727, 728, 616 P.2d 440, 441 (Ct.App.1980), "[t]he question of personal jurisdiction over out-of-state residents involves more than a technical 'transaction of any business' or the technical 'commission of a tortious act' within New Mexico. The meaning of those terms, in our statute, is to be equated with the minimum contacts sufficient to satisfy due process." *See also Aetna Casualty & Surety Co. v. Bendix Control Division,* 101 N.M. 235, 680 P.2d 616 (Ct.App.1984).

**(A) Claim of Transaction of Business**

Plaintiff argues on appeal that Littlejohn has had sufficient minimum contacts with the State of New Mexico through the transaction of business to subject it to the jurisdiction of our courts.

New Mexico decisions have consistently recognized that courts of this state may exercise personal jurisdiction over a nonresident defendant only so long as sufficient minimum contacts exist between the defendant and the forum state. *See Swindle v. General Motors Acceptance Corp.,* 101 N.M. 126, 679 P.2d 268 (Ct.App.), *cert. denied,* 101 N.M. 77, 678 P.2d 705 (1984). New Mexico courts equate the "transaction of business" and "the commission of a tortious act" required under our long-arm statute with the due process "minimum contacts" standard. *Id.* at 128, 679 P.2d at 270.

■ In order to satisfy both state and federal constitutional requirements, the minimum contacts with New Mexico must be sufficient so as not to violate basic principles of due process. *Roberts v. Piper Aircraft Corp.,* 100 N.M. 363, 670 P.2d 974 (Ct.App.1983). A trial court may not exercise more jurisdiction than the state statute permits. *Beaty v. M.S. Steel Co.,* 401 F.2d 157 (4th Cir.1968), *cert. denied,* 393 U.S. 1049, 89 S.Ct. 686, 21 L.Ed.2d 691 (1969). The due process clause of the Fourteenth Amendment operates to limit the power of a state to assert in personam jurisdiction over a nonresident defendant. *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). The defendant's contacts with the forum state must be such that he should "reasonably anticipate being haled into court there". *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980).

■ A single transaction of business within this state can be sufficient to subject a nonresident defendant to in personam jurisdiction in this state, provided that the cause of action involved in the suit arises from the transaction of that particular business. *Customwood Manufacturing, Inc. v. Downey Construction Co.,* 102 N.M. 56, 691 P.2d 57 (1984). *See also* § 38–1–16(A)(1) and (C). There must be a close relationship between the claimed transaction of business in New Mexico and

the cause of action. *Winward v. Holly Creek Mills, Inc.*, 83 N.M. 469, 493 P.2d 954 (1972). The test for determining the sufficiency of minimum contacts is whether plaintiff's claim "lies in the wake of defendant's commercial activities in New Mexico." *Id.* at 472, 493 P.2d at 957.

In their claim that New Mexico jurisdiction was proper, based on Littlejohn's doing of business in New Mexico, plaintiffs rely on the fact that Littlejohn had three New Mexico customers over the past few years. Each of these customers, however, was unsolicited by Littlejohn. A similar argument was advanced in *Helicopteros Nacionales de Columbia, S.A. v. Hall*, a recent United States Supreme Court decision. The Supreme Court held in part:

> This court in *International Shoe* [*Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945)] acknowledged and did not repudiate its holding in *Rosenberg* [*Brothers Co v. Curtis Brown Co.*, 260 U.S. 516, 43 S.Ct. 170, 67 L.Ed. 372 (1923)]. * * * In accordance with *Rosenberg*, we hold that mere purchases, even if occurring at regular intervals, are not enough to warrant a State's assertion of *in personam jurisdiction* over a nonresident corporation *in a cause of action not related to those purchase transactions.* [Emphasis added.]

104 S.Ct. at 1874.

A defendant corporation need not be physically present in the forum state to subject it to in personam jurisdiction. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). However, the nonresident defendant must purposefully avail itself of the privilege of conducting activities within the forum state to be subject to that state's jurisdiction. *Id.; Hanson v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). The purposeful activity requirement ensures that a defendant will not be subject to jurisdiction "solely as a result of 'random,' 'fortuitous' or 'attenuated' contacts." *Burger King Corp.*, 471 U.S. at 475, 105 S.Ct. at 2183.

In the recent case of *Kathrein v. Parkview Meadows, Inc.*, 102 N.M. 75, 691 P.2d 462 (1984) (holding that the defendant's mailing of brochures and the extent of its general solicitation activities within New Mexico were sufficient to subject defendant to jurisdiction in New Mexico), the supreme court noted that among relevant factors in determining whether a nonresident defendant has transacted any business within the state is "the voluntariness of defendant's contact with the State." *Id.* at 77, 691 P.2d at 464. It is defendant's activities which must provide the basis for personal jurisdiction, not the acts of other defendants or third parties. *See Telephonic, Inc. v. Rosenblum; Diamond A Cattle Co. v. Broadbent*, 84 N.M. 469, 505 P.2d 64 (1973). The unilateral activity of those who claim a relationship with a nonresident defendant does not alone satisfy the requirement of contact with the forum state. *World-Wide Volkswagen; Rush v. Savchuk*, 444 U.S. 320, 100 S.Ct. 571, 62 L.Ed.2d 516 (1980).

Applying these principles for determining the transaction of business to the instant case, we find that there is no factual issue as to soliciting business or advertising to customers.

### (B) Claim of Tortious Act

Are there disputed issues of material fact concerning plaintiff's contention that defendant Littlejohn committed a tortious act in New Mexico?

Plaintiffs' complaint alleges that Littlejohn created a defective product and is responsible, under principles of product liability, for the injuries and damage which occurred in this state.

In *Swindle v. General Motors Acceptance Corp.*, this court discussed whether a manufacturer of a defective product can be held to answer in this state for an injury caused by the product, wherever the injury occurred, if the manufacturer has chosen to distribute its product nationally. The court held:

To satisfy constitutional due process requirements in applying this theory, we must find that [defendant] has purposely availed itself of the privilege of conducting activities in New Mexico. [Citation omitted.] For example, we might apply this theory if [defendant] itself had sold a defective product in a nationwide market. That is not the case.

101 N.M. at 128, 679 P.2d at 270.

Here, the undisputed facts show Littlejohn has never advertised nationally; it has not solicited business in New Mexico newspapers, television or radio stations; nor has it participated in trade shows or fairs in New Mexico.

■ Plaintiffs argue that because Littlejohn sold a hose in Colorado for installation on a petroleum tank truck, it should have foreseen that the truck might be driven and used in New Mexico. "Foreseeability," without more, does not suffice to establish the necessary minimum contacts under a state's long-arm requirements. *See World-Wide Volkswagen Corp. v. Woodson; Roberts v. Piper Aircraft Corp. See also* Annot., 19 A.L.R.3d 13, 48–53 (1968) (for full discussion, see this entire annotation entitled, *Products Liability: In Personam Jurisdiction Over Nonresident Manufacturer or Seller under "Long-Arm" Statutes* ).

■ As observed in *International Shoe Co. v. Washington*, 326 U.S. 310, 319, 66 S.Ct. 154, 160, 90 L.Ed. 95 (1945), the minimum contacts test depends on the "quality and nature" of defendant's activities within the state. If the activities of a nonresident entity are extensive, systematic and continuous, it may subject it to jurisdiction within this state on a cause of action unrelated to those activities. *Asahi Metal Industry Ltd. v. Superior Court*, 39 Cal.3d 35, 216 Cal.Rptr. 385, 702 P.2d 543 (1985); *Gray v. American Radiator & Standard Sanitary Corp*, 22 Ill.2d 432, 176 N.E.2d 761 (1961). However, if the activity is less extensive, the cause of action must arise out of or be connected with the defendant's contacts related to the forum. *See Gray.*

■ In *Blount v. T D Publishing Corp.*, 77 N.M. 384, 390, 423 P.2d 421, 425 (1966), the supreme court held that "[t]he jurisdictional act is not the creation of a defect, but the nationwide distribution of defective products." *See also Swindle v. General Motors Acceptance Corp.* The acts of Littlejohn relied upon by plaintiffs do not rise to the level to satisfy the "quantum of contact sufficient to warrant jurisdiction." (Citation omitted.) *Tarango v. Pastrana*, 94 N.M. at 728, 616 P.2d at 441. As noted in *Tarango*, even though an "alleged tort may have been completed in New Mexico that, in itself, is insufficient. The minimum contact requirement must be met." *Id.*

Relying on *Asahi Metal Industry Co. v. Superior Court*, plaintiffs contend that delivery of a product into the stream of commerce with the expectation that it will be purchased by New Mexican consumers, is a sufficient basis for jurisdiction in New Mexico. *Asahi* is distinguishable from the facts of the instant case. There, cross-claimant sought to subject the third-party defendant Asahi, a Japanese corporation, to the jurisdiction of the California court under that state's long-arm statute. Third-party defendant Asahi was a manufacturer of tire valve assemblies, which were incorporated into tires and tubes sold throughout the world. Asahi engaged in business with cross-claimant Cheng Shin, a tube manufacturer, which made approximately twenty percent of its total sales in California. As a result of discussions with the tube manufacturer, Asahi knew that its valve assemblies would be placed in tubes sold in California and that it would derive economic benefit from the California sales. The court in *Asahi* held that defendant delivered its products into the stream of commerce with the expectation that they would be purchased in California and in other parts of the United States. The California court in *Asahi* also found that the minimum contacts requirement was met and thus defendant was properly subject to California law.

Plaintiffs argue that the historical trend has been toward the expansion of the jurisdiction of state courts over foreign corporations and other nonresidents, and plaintiffs urge that New Mexico should expand its minimum contacts test for jurisdiction. In construing the "stream of commerce rule" announced in *World-Wide Volkswagen,* the court in *Asahi* observed that while the minimum contacts limitation upon the exercise of jurisdiction has been liberalized, this "liberalization has not proceeded unabated." *Asahi,* 216 Cal.Rptr. 388, 702 P.2d at 546. To satisfy the minimum contacts, *World-Wide Volkswagen* requires that a corporation must purposefully avail itself of the privilege of conducting activities in the forum state. The court in *Asahi* noted that in applying the purposeful availment test, *World-Wide Volkswagen* made a distinction between the availment of manufacturers or primary distributors of a broad market with known benefits and the availment of secondary distributors or retailers of a narrower market. Adopting the *World-Wide Volkswagen* distinction, the court in *Asahi* found that "the minimum contacts requirement is satisfied where, as here, the manufacturer is aware that a substantial number of its products will be sold in the forum state." *Id.* at 393, 702 P.2d at 552.

The present case is distinguishable from *Asahi.* Here, Littlejohn's contact with New Mexico as the forum state, is more attenuated. Littlejohn was a secondary distributor, having at best a narrow market for its products here. Littlejohn has not pursued a policy of purposeful business activity in this state and its contacts herein may be fairly characterized as minimal and random in nature. Littlejohn did not pur-

posefully cause the hose in question, or any substantial number of the products sold by it, to be shipped into New Mexico; and did not engage in a nationwide sales or distribution scheme. Littlejohn maintained no property or agents in this state, nor did it engage in business in New Mexico and solicited no business nor made any direct sales in New Mexico. *Compare Gray v. American Radiator & Standard Sanitary Corp.; Kathrein v. Parkview Meadows, Inc.*

The record herein failed to establish that Littlejohn had sufficient minimum contacts with New Mexico to invest this state with in personam jurisdiction over it, either on the basis of its transaction of business or the commission of a tortious act. Moreover, the requirements of due process also necessitate a determination of whether the court's exercise of its jurisdiction would be fair and reasonable. *Asahi Metal Industry Co. v. Superior Court.* Under the record herein, the contacts of defendant in this state were not sufficient to meet the requirements of due process. The trial court properly granted summary judgment as to Littlejohn.

The order granting summary judgment is affirmed.

IT IS SO ORDERED.

ALARID and GARCIA, JJ., concur.