**John A. ROGERS and Albuquerque Allsuite Associates, Plaintiffs,**

v.

**5–STAR MANAGEMENT, INC., Defendant.**

**Civ. No. 95–1331 BB/WWD.**

United States District Court, D. New Mexico.

May 20, 1996.

Christopher P. Bauman, Albuquerque, NM, for plaintiffs.

Randolph B. Felker, Felker, Ish, Hatcher, Ritchie, Sullivan & Geer, Santa Fe, NM, for defendant.

## MEMORANDUM OPINION

BLACK, District Judge.

This Opinion addresses Defendant's December 27, 1995 motion to dismiss for lack of in personam jurisdiction or in the alternative to transfer to the Eastern District of New York (Doc. 6).[1] The Court has reviewed the submissions of the parties and the relevant law, and, for the reasons set forth below, finds that the motion is well taken and should be GRANTED.

### I. Facts and Procedural History

Defendant 5–Star Management, Inc. is a Texas corporation. Defendant has never done business in New Mexico, and owns no assets or property in New Mexico, except one "deed of trust" lien on real property located in Bernalillo County, New Mexico. Defendant acquired this lien in the following manner. Some time after January 27, 1988, Defendant purchased a note ("the Note") in the amount of $520,000 from the Resolution Trust Corporation ("RTC") at an auction in Kansas City, Missouri. The Note states that it was "executed, delivered and intended to be performed in the State of New Mexico, and the validity and interpretation of this Note shall be governed by the laws of the State of New Mexico." Pls.' Compl. Declaratory Relief & Other Claims ¶ 18.

---

1. The Court notes that while Defendant's motion was stamped as filed on December 27, 1995, the Court's docket reflects that the motion was filed on December 29, 1995.

Defendant alleges, and Plaintiffs dispute, that the lien on real property in Bernalillo County, New Mexico ("the New Mexico Lien"), and mortgages on three personal residences in Arizona, California, and New York, secure the Note.[2] Plaintiff Albuquerque Allsuite Associates ("Allsuite"), a New Mexico joint venture, owns the real property in Bernalillo County, and Plaintiff John A. Rogers, a New Mexico resident, owns the personal residences in Arizona, California, and New York. Defendant has not attempted to foreclose the New Mexico Lien, nor has it attempted to participate in the management of the New Mexico real property. Defendant has never met with Plaintiffs in New Mexico regarding the Note, the New Mexico Lien, or the residential mortgages.

Defendant filed suit against Plaintiff Rogers in the United States District Court for the Eastern District of New York on August 3, 1995, seeking to foreclose the mortgage on Plaintiff Rogers' personal residence in New York ("the New York Mortgage"). On November 7, 1995, Plaintiffs filed suit in this Court, seeking a declaratory judgment that Defendant may not foreclose the New York Mortgage, and damages for breach of fiduciary duty, negligence, intentional interference with contractual relations, prima facie tort, and abuse of process in connection with Defendant's attempt to foreclose the New York Mortgage. In response, Defendant filed a motion to dismiss for lack of in personam jurisdiction or in the alternative to transfer to the Eastern District of New York on December 27, 1995, and this motion is now before the Court.

## II. Analysis

Plaintiffs argue that the Court may exercise personal jurisdiction over Defendant on the basis of New Mexico's long-arm statute, which states in relevant part that any person who "transact[s] any business within this state" thereby "submits himself ... to the jurisdiction of the courts of this state as to any cause of action arising" from the transaction. N.M.Stat.Ann. § 38–1–16(A) (1987).

Defendant denies that it has transacted any business within New Mexico, and argues that the Court's exercise of personal jurisdiction over it would offend due process.

 Plaintiffs bear the burden of proving personal jurisdiction. *Overton v. United States,* 925 F.2d 1282, 1283 (10th Cir.1991); *Jemez Agency, Inc. v. CIGNA Corp.,* 866 F.Supp. 1340, 1342 (D.N.M.1994) (Burciaga, C.J.). At the pre-trial motion stage, Plaintiffs must make a prima facie showing that personal jurisdiction exists. *Jemez Agency, Inc.,* 866 F.Supp. at 1342 (citing *Behagen v. Amateur Basketball Ass'n,* 744 F.2d 731, 733 (10th Cir.1984), *cert. denied,* 471 U.S. 1010, 105 S.Ct. 1879, 85 L.Ed.2d 171 (1985)). The Court may consider matters outside the pleadings, "accepts Plaintiffs' allegations in the complaint as true if Defendant ... does not contest them with affidavits or other materials, and resolves all factual disputes raised by conflicting affidavits in the Plaintiffs' favor." *Id.* (citing *Behagen,* 744 F.2d at 733). Finally, "the existence of *in personam* jurisdiction under the forum state's long-arm statute is evaluated by reference to the law of the forum state." *Id.* (citing *Taylor v. Phelan,* 912 F.2d 429, 431 (10th Cir.1990), *cert. denied,* 498 U.S. 1068, 111 S.Ct. 786, 112 L.Ed.2d 849 (1991)).

 The New Mexico courts use a three-step test to decide whether personal jurisdiction exists over nonresident, out-of-state defendants: (1) the defendant's act must be one of the five enumerated in the long-arm statute; (2) the plaintiff's cause of action must arise from the act; and (3) minimum contacts sufficient to satisfy due process must be established by the defendant's act. *State Farm Mut. Ins. Co. v. Conyers,* 109 N.M. 243, 244, 784 P.2d 986, 987 (1989). As noted *supra,* the "transaction of any business" is one of the five acts enumerated in New Mexico's long-arm statute. N.M.Stat. Ann. § 38–1–16(A)(1). Because the courts "have equated 'transaction of any business' ... with sufficient minimum contacts to sat-

---

2. The New Mexico Lien may also secure another note that a third party, the Bank of America National Trust and Savings Association, is at-

tempting to foreclose in state court. Defendant is not a party to that foreclosure action.

isfy due process," *Valley Wide Health Servs., Inc. v. Graham,* 106 N.M. 71, 72, 738 P.2d 1316, 1318 (1987),

> [i]t is not necessary to determine whether [Defendant] transacted business ... in any technical sense.... When the state courts have construed the state long-arm statute as being coextensive with the requirements of due process the usual two-step analysis collapses into a single search for the outer limits of what due process permits.

*Jones v. 3M Co.,* 107 F.R.D. 202, 205 (D.N.M. 1984) (Burciaga, J.) (internal quotation omitted). Thus, the only issues before the Court are: (1) whether Plaintiffs' cause of action arises from Defendant's acts that allegedly confer jurisdiction; and (2) whether these acts establish sufficient minimum contacts with New Mexico to satisfy due process. *State Farm Mut. Ins. Co.,* 109 N.M. at 244, 784 P.2d at 987.

■ Plaintiffs raise several arguments in support of their claim that this Court may exercise personal jurisdiction over Defendant on the basis of New Mexico's long-arm statute. Plaintiffs first assert that Defendant is subject to this Court's jurisdiction because Defendant possesses the New Mexico Lien. Accordingly, the Court must first determine whether Plaintiffs' cause of action arises from Defendant's possession of the New Mexico Lien. *See id.* "[T]he test for determining whether [the plaintiff's] claims arise from [the defendant's] activities must be decided on a case by case basis." *Winward v. Holly Creek Mills, Inc.,* 83 N.M. 469, 472, 493 P.2d 954, 957 (1972). Further, "[t]here

must be a close relationship between the claimed transaction of business in New Mexico and the cause of action." *Visarraga v. Gates Rubber Co.,* 104 N.M. 143, 146–47, 717 P.2d 596, 599–600 (Ct.App.), *cert. quashed sub nom. Visarraga v. Littlejohn's Equip. Co.,* 104 N.M. 137, 717 P.2d 590 (1986).

■ Plaintiffs' claims concern whether Defendant properly attempted to foreclose, or may ever properly foreclose, the New York Mortgage. *See generally* Pls.' Compl. Declaratory Relief & Other Claims. Plaintiffs' claims do not concern whether Defendant properly possesses or could properly foreclose the New Mexico Lien. *See id.* The Court is aware that Defendant acquired its interests in the New York Mortgage and the New Mexico Lien at the same time, as security for the same Note. Nevertheless, Plaintiffs' cause of action arises from Defendant's attempt to foreclose the New York Mortgage, and not from its possession of the New Mexico Lien. The relationship between Plaintiffs' cause of action and the New Mexico Lien is therefore tangential rather than "close." *Visarraga,* 104 N.M. at 146–47, 717 P.2d at 599–600. In short, because Plaintiffs' cause of action does not arise from Defendant's possession of the New Mexico Lien, Defendant cannot be subject to the Court's personal jurisdiction on the basis of its possession of this Lien.[3] *See State Farm Mut. Ins. Co.,* 109 N.M. at 244, 784 P.2d at 987; N.M.Stat.Ann. § 38–1–16(C).

■ Plaintiffs also argue that Defendant is subject to this Court's personal jurisdiction because Defendant possesses an interest in, and has attempted to foreclose, the New

---

**3.** In arguing that Defendant's possession of the New Mexico Lien establishes minimum contacts with New Mexico, Plaintiffs observe that "[a] single transaction of business within this state can be sufficient to subject a nonresident defendant to in personam jurisdiction in this state." *Visarraga,* 104 N.M. at 146, 717 P.2d at 599. However, as discussed at length *supra,* this statement is only true insofar as "the cause of action involved in the suit arises from the transaction of that particular business." *Id.*

Plaintiffs also argue that possession of real property within a state invariably confers personal jurisdiction on the courts of that state. The Court disagrees. Where, as here, a defendant's possession of real property within a state is unrelated, or only tangentially related, to the plain-

tiff's claims, the possession of real property must establish "continuous and systematic contacts" with the forum state to confer personal jurisdiction on that state. *Barry v. Mortgage Servicing Acquisition Corp.,* 909 F.Supp. 65, 74–75 (D.R.I. 1995) (finding no personal jurisdiction over nonresident defendant where defendant possessed 138 mortgages in forum state but these mortgages were unrelated to the plaintiff's claims); *Jemez Agency, Inc.,* 866 F.Supp. at 1347 ("[P]ersonal jurisdiction based on the presence of property in the forum state, without more, does not satisfy the demands of due process."). Plaintiffs have not argued that Defendant's possession of the New Mexico Lien establishes such continuous and systematic contacts.

York Mortgage. Regarding the first element necessary to find personal jurisdiction under New Mexico's long-arm statute, Plaintiffs' cause of action unquestionably arises from Defendant's possession of and attempt to foreclose the New York Mortgage. Thus, the Court need only consider the second element, specifically, whether these acts have established minimum contacts with New Mexico sufficient to satisfy due process. *State Farm Mut. Ins. Co.,* 109 N.M. at 244, 784 P.2d at 987; *Jones,* 107 F.R.D. at 205.

According to the United States Supreme Court,

> due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.

*International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) (internal quotation omitted). Courts have subsequently applied this test in two parts. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 476, 105 S.Ct. 2174, 2184, 85 L.Ed.2d 528 (1985). First, courts must determine whether a defendant has established minimum contacts with the forum state such that the defendant may reasonably anticipate being haled into court there. *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980). "When a corporation purposefully avails itself of the privilege of conducting activities within the forum State, it has clear notice that it is subject to suit there." *Id.* (citation omitted). Second, if the defendant has established minimum contacts, courts must then determine whether "the assertion of jurisdiction would comport with fair play and substantial justice." *Burger King Corp.,* 471 U.S. at 476, 105 S.Ct. at 2184 (internal quotation omitted).

Regarding the first part of this test, Plaintiffs assert that in possessing and attempting to foreclose the New York Mortgage, Defendant has established the following contacts with New Mexico: (1) Plaintiffs and third parties negotiated and executed the Note and the New York Mortgage in New Mexico; (2) the Note states that New Mexico law applies to the transaction; (3) the New York Mortgage and the New Mexico Lien secure the same Note; and (4) New Mexico is the most convenient forum in which to try this action because of the availability of witnesses and documents, and the amenability of other potential parties to suit.

Accepting Plaintiffs' assertions as true, the Court nevertheless finds that Plaintiffs have failed to make a prima facie showing that Defendant has established minimum contacts with New Mexico through the New York Mortgage. *See Jemez Agency, . Inc.,* 866 F.Supp. at 1342. First, while Plaintiffs and third parties may have negotiated and executed the Note and the New York Mortgage in New Mexico, Defendant was not involved in the negotiations or execution. Rather, Defendant purchased its interests in the Note and Mortgage at an RTC auction in Kansas City, Missouri. "[T]he unilateral activity of parties other than the non-resident defendant cannot satisfy the requirement of the defendant's contact with the forum state." *Barry v. Mortgage Servicing Acquisition Corp.,* 909 F.Supp. 65, 74 (D.R.I.1995) (citing *Burger King Corp.,* 471 U.S. at 474, 105 S.Ct. at 2183). The independent actions of Plaintiffs and third parties in negotiating and executing the Note and Mortgage in New Mexico are therefore irrelevant to the determination of personal jurisdiction over Defendant.

Second, while choice of law clauses are a factor in deciding whether personal jurisdiction exists, they are generally not determinative. *See Federal Deposit Ins. Corp. v. Hiatt,* 117 N.M. 461, 464 n. 2, 872 P.2d 879, 882 n. 2 (1994) (citing cases holding that choice of law clause alone is insufficient to confer personal jurisdiction). This is particularly true in the present matter, where Defendant did not negotiate or execute the New Mexico choice of law clause in the Note.

Third, the Court has already determined that although the New York Mortgage and the New Mexico Lien secure the same Note, attempted foreclosure of the New York Mortgage is a separate transaction from possession of the New Mexico Lien. Thus, the

Court cannot consider the latter in determining whether Defendant established minimum contacts with New Mexico through the former. *State Farm Mut. Ins. Co.*, 109 N.M. at 244, 784 P.2d at 987; N.M.Stat.Ann. § 38–1–16(C).

■ Finally, Plaintiffs are correct that according to New Mexico law, "the location of likely witnesses" is one factor the Court may consider in determining whether a nonresident defendant has transacted business in the state. *Kathrein v. Parkview Meadows, Inc.*, 102 N.M. 75, 76–77, 691 P.2d 462, 464 (1984). However, like the choice of law clause, this factor is not determinative, and the Court finds that the "purposeful availment" factor discussed below requires the Court to hold that it does not have personal jurisdiction over Defendant, despite the New Mexico choice of law clause and the location of likely witnesses in New Mexico.

■ The New Mexico Supreme Court has unequivocally held that "the purposeful availment test . . . is the 'key focus' in analyzing minimum contacts questions." *Hiatt*, 117 N.M. at 464, 872 P.2d at 882. Specifically, the Court must consider whether Defendant ever made "a purposeful decision . . . to participate in the local economy and to avail [itself] of the benefits and protections of New Mexico law."

In acquiring and attempting to foreclose the New York Mortgage, Defendant, a Texas corporation, purchased its interests in the Note and Mortgage in Missouri, and then attempted to foreclose the Mortgage on New York real estate in the Eastern District of New York. Under these circumstances, the Court finds that Defendant did not purposefully decide to participate in the economy of New Mexico and to avail itself of the benefits of New Mexico law. Thus, Defendant did not establish minimum contacts with New Mexico such that it could reasonably anticipate being haled into court here, and the Court may not exercise personal jurisdiction over Defendant on the basis of the New York Mortgage. *World–Wide Volkswagen Corp.*, 444 U.S. at 297, 100 S.Ct. at 567; *see also Telephonic, Inc. v. Rosenblum*, 88 N.M. 532, 533–38, 543 P.2d 825, 826–31 (1975) (finding no personal jurisdiction over nonresident de-

fendant where New Mexico plaintiff prepared "Authorization to Obtain Loan" contract and mailed contract to defendant, defendant signed contract and returned it to plaintiff, and plaintiff obtained loan for defendant, and where contract contained New Mexico choice of law clause); *Visarraga*, 104 N.M. at 146–47, 717 P.2d at 599–600 (finding no personal jurisdiction over nonresident defendant where defendant sold allegedly defective product to distributor who later sold product in New Mexico, and defendant made three unrelated, unsolicited sales to New Mexico residents).

■ Finally, Plaintiffs argue that because the Court would have personal jurisdiction over the RTC, the assignor of the Note and the New York Mortgage, it must also have personal jurisdiction over Defendant as the RTC's assignee. While this argument is intriguing, Plaintiffs have produced no law in support of it beyond cases standing for the unremarkable proposition that an assignee generally "stands in the shoes" of its assignor. *See, e.g., Federal Deposit Ins. Corp. v. Bledsoe*, 989 F.2d 805, 810 (5th Cir.1993) (applying principle that "assignee stands in shoes of his assignor" to statute of limitations).

Moreover, relevant caselaw indicates that the Court should determine its personal jurisdiction over an assignee independently of its personal jurisdiction over the assignor. First, "[e]ach defendant's contacts with the forum State must be assessed individually." *Calder v. Jones*, 465 U.S. 783, 790, 104 S.Ct. 1482, 1487, 79 L.Ed.2d 804 (1984). Also, "the unilateral activity of parties other than the non-resident defendant cannot satisfy the requirement of the defendant's contact with the forum state." *Barry*, 909 F.Supp. at 74 (citing *Burger King Corp.*, 471 U.S. at 474, 105 S.Ct. at 2183). These general principles suggest that the Court should not exercise personal jurisdiction over Defendant solely on the basis of its relationship with the RTC. *See Lakewood Pipe of Texas, Inc. v. Rubaii*, 379 So.2d 475 (Dist.Ct.App.1980) (fact that Texas assignee of Florida supply contract also guaranteed commissions under the contract did not provide sufficient contact to

allow Florida jurisdiction over suit for commission).

The court's recent decision in *Barry*, 909 F.Supp. at 65, reinforces this conclusion. In *Barry*, the plaintiff argued that the nonresident defendant had established minimum contacts with Rhode Island because the defendant possessed, as assignee, an interest in a mortgage that the assignor had allegedly originated in Rhode Island. *Id.* The court determined that the assignor's "origination of the loan in Rhode Island is irrelevant to [the defendant's] contacts with the state," because the court could not find minimum contacts on the basis of the unilateral acts of third parties. *Id.*

The *Barry* decision is precisely analogous to the present matter insofar as Plaintiffs argue that Defendant has established minimum contacts with New Mexico because it possesses, as assignee, an interest in the New York Mortgage that the RTC, as assignor, negotiated and executed in New Mexico. This Court finds, as did the *Barry* court, that the RTC's negotiation and execution of the Note and the New York Mortgage in New Mexico are irrelevant to Defendant's contacts with New Mexico, because the RTC's actions are "the unilateral activit[ies] of [a party] other than the non-resident [D]efendant [and] cannot satisfy the requirement of [D]efendant's contact with the forum state." *Id.; see also Conwed Corp. v. Nortene, S.A.*, 404 F.Supp. 497, 501–02 (D.Minn. 1975) (holding that court did not have personal jurisdiction over nonresident defendant where defendant assignee received patents from assignor over whom court had personal jurisdiction, in part because "the unilateral activity of those who claim some relationship with a nonresident defendant, cannot satisfy the requirement of contact with the forum State") (quoting *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958)); *cf. Smith v. Halliburton Co.*, 118 N.M. 179, 187, 879 P.2d 1198, 1206 (Ct.App.), *cert. denied*, (May 16, 1994) ("[C]ontacts with a forum state are not attributed or imputed to a successor corporation solely through acquisition of assets and liabilities...."). *But see Stavrides v. Zerjav*, 848 S.W.2d 523, 528–29 (Mo.Ct.App.1993) (holding that court did

not have personal jurisdiction over nonresident defendant because plaintiff failed to show that defendant was assignee of assignor over whom court had personal jurisdiction).

Although the Court does not have personal jurisdiction over Defendant, it need not dismiss Plaintiffs' action with prejudice. Section 1631 of Title 28, United States Code, states that

[w]henever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer the action ... to any other such court in which the action ... could have been brought at the time it was filed.

28 U.S.C. § 1631 (1994). The transfer of this case to the United States District Court for the Eastern District of New York satisfies the prerequisites of this statute. First, "[t]his statute applies in situations such as the instant case, where the want of jurisdiction consists of lack of personal jurisdiction over a defendant." *Wesley v. H & D Wireless Ltd. Partnership*, 678 F.Supp. 1540, 1543 (D.N.M.1987) (Burciaga, J.). Second, it is in the interest of justice that this case be transferred to the Eastern District of New York, where Defendant's first-filed mortgage foreclosure action is pending. *See, e.g., Factors, Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 218 (2d Cir.1978), *cert. denied*, 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979), *overruled on other grounds by Pirone v. MacMillan, Inc.*, 894 F.2d 579 (2d Cir.1990) ("[T]he first [filed] suit should have priority absent the showing of balance of convenience in favor of the second action."). Finally, the parties have set forth no reason why Plaintiffs could not have brought this action in the Eastern District of New York at the time it was filed. The Court will therefore transfer this case to the Eastern District of New York on the basis of section 1631.