F I L E D
United States Court of Appeals
Tenth Circuit

OCT 13 1999

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

RAPHAEL F. NEVINS,

       Plaintiff-Appellant/Cross-Appellee,

v.

MCKINLEY CAPITAL MANAGEMENT,
INC., an Alaska corporation,

       Defendant-Appellee,

MCKINLEY SELECT, LTD., (Bermuda), a
Bermuda exempt company; MCKINLEY
OFFSHORE MANAGEMENT, LTD, a
Bermuda exempt company; MCKINLEY
PARTNERS LLC, a Delaware limited
liability company; ROBERT B. GILLAM,
individually, as Chief Investment Officer of
McKinley Capital Management, Inc., as
Director of McKinley Select (Bermuda) Ltd.
and as Director of McKinley Offshore
Management Ltd.; DIANE WILKE,
individually and as Chief Operating Officer
and Compliance Officer of McKinley Capital
Management, Inc., and as Director of
McKinley Offshore Management, Ltd.;
CHRISTOPHER J. GUPTILL, individually
and on behalf of McKinley Capital
Management, Inc.; ERIC SIPPEL,
individually and as partner in Shartsis, Friese
& Ginsburg, LLP, a law firm in San
Francisco, CA,

       Defendants-Appellees/Cross-
Appellants.

Nos. 97-2355
97-2364
97-2365

(D.C. No. CIV-96-1387-BB)
(D.N.M.)

## ORDER AND JUDGMENT[*]

Before **SEYMOUR**, Chief Judge, **ANDERSON** and **HENRY,** Circuit Judges.

This suit arises out of an alleged agreement between Raphael Nevins, a New York resident, and McKinley Capital Management, Inc. (MCM), an Alaska-based corporation, to set up an off-shore investment fund. Per the agreement, Mr. Nevins worked from New York with Eric Sippel of Shartsis, Friese & Ginsburg, MCM's California-based law firm. In late 1995, MCM and Mr. Sippel ceased all communications with Mr. Nevins. Mr. Nevins asserts he continually attempted to contact defendants, but to no avail. In early 1996, Mr. Nevins moved to New Mexico where he continued his attempts to contact defendants. Mr. Nevins eventually discovered the offshore investment fund had already been formed and filed suit in New Mexico claiming breach of contract and various business torts against MCM, all of the companies formed in accordance with the agreement, the executives of MCM as individuals, the firm of Shartsis, Friese & Ginsburg, and Mr. Sippel individually. Mr. Nevins appeals the district court's dismissal of his

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

suit against all named defendants for lack of personal jurisdiction. All defendants except MCM cross-appeal the district court's denial of their motions for imposition of Rule 11 sanctions. We affirm in part and remand in part.

On a motion to dismiss for lack of personal jurisdiction, the plaintiff must show that the district court has power over each foreign defendant under the state's long-arm statute and that exercise of such jurisdiction is consistent with due process limitations. *See Far West Capital, Inc., v. Towne*, 46 F.3d 1071, 1074 (10th Cir. 1995). We review *de novo* a dismissal for lack of personal jurisdiction. *See Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1533 (10th Cir. 1996).

New Mexico's long-arm statute, N.M. Stat. Ann. § 38-1-16 (Michie 1978),[1] requires a pled cause of action to arise out of the same activity by which the foreign defendant submitted to New Mexico's personal jurisdiction. *See CABA, Ltd. Liab. Co. v. Mustang Software, Inc.*, 1999 WL 428242 at *8 (N.M. Ct. App. May 25, 1999). Mr. Nevins' complaint alleges breach of a contract negotiated and formed in New York and Alaska. Mr. Nevins' claims do not arise from any of defendants' activities within or contacts with New Mexico.

---

[1]N.M. Stat. Ann. § 38-1-16(a) states, "Any person, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts enumerated in this subsection thereby submits himself or his personal representative to the jurisdiction of the courts of this state as to any cause of action arising from: (1) the transaction of any business within this state; . . . (3) the commission of a tortious act within this state; . . . .

The analysis does not end there, however.  New Mexico courts equate the transaction of business or tortious conduct requirements of section 38-1-16 with the due process requirement of minimum contacts.  *See CABA*, 1999 WL 428242, at *3 (quoting *Telephonic, Inc. v. Rosenblum*, 543 P.2d 825, 827 (N.M. 1975)).  In this case, defendants had no contacts with New Mexico that led to the subject matter of this suit other than Mr. Nevins' decision to relocate there.[2]   Defendants cannot be subjected to personal jurisdiction in New Mexico merely because of Mr. Nevins' unilateral act.  *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-75 (1985); *Visarraga v. Gates Rubber Co.*, 717 P.2d 596, 600 (N.M. Ct. App. 1986).  In addition, Mr. Sippel's and his firm's alleged malpractice in California is not considered a contact with New Mexico establishing personal jurisdiction.  *See DeVenzeio*, 918 P.2d at 727.  The district court's dismissal of all defendants was therefore proper.[3]

---

[2]Mr. Nevins asserts that he was harmed within New Mexico by MCM's and related defendants' breach and tortious conduct, thereby satisfying § 38-1-16. This argument ignores New Mexico law holding that the mere effect in New Mexico of wrongful activity elsewhere does not confer jurisdiction on its courts. *See DeVenzeio v. Rucker, Clarkson & McCashin*, 918 P.2d 723, 727 (N.M. Ct. App. 1996).

[3]Mr. Nevins also claims MCM is generally present in New Mexico, thereby permitting personal jurisdiction over it. *See Visarraga*, 717 P.2d at 601 (where activities of a nonresident defendant are extensive, systematic and continuous, New Mexico courts may subject the defendant to personal jurisdiction on a cause of action unrelated to those activities).  Although he put forth evidence that MCM had a license from the New Mexico Securities Division, Mr. Nevins did not

Mr. Nevins further asserts MCM consented to personal jurisdiction in New Mexico by signing a waiver consenting to service of process when registering with the New Mexico Securities Division. The waiver was specific, however, consenting only to service for those actions arising out of its investment advisor activities. *See* N.M. Stat. Ann. § 58-13B-50 (Michie 1978). Since Mr. Nevins' complaint does not arise out of MCM's investment advisor activities, MCM's consent does not extend to this action.

All defendants except MCM cross-appeal the district court's refusal to impose Rule 11 sanctions against Mr. Nevins for filing this complaint. We review the denial of Rule 11 sanctions for an abuse of discretion. *See Barrett v. Tallon*, 30 F.3d 1296, 1301 (10th Cir. 1994). Whether Rule 11 sanctions are available is determined by an objective standard of reasonableness. *See Adamson v. Bowen*, 855 F.2d 668, 673 (10th Cir. 1988).

Judge Black stated he declined to impose sanctions because as an attorney he had asserted similar arguments, thus implying Mr. Nevins' complaint was reasonable. *See* Aplee. Jt. App. at 227, 257. This statement was clearly directed

---

timely present any evidence regarding its actual engagement in business or the volume of its business in New Mexico. Mr. Nevins attempted to enter evidence regarding the MCM office in Santa Fe, its web site, and copies of its advertisements, but the district court refused to admit such evidence as untimely. We will not consider evidence that was not properly before the district court. Thus, we have no basis for considering Mr. Nevins' argument that MCM is generally present in New Mexico.

at Mr. Nevins' complaint against the non-lawyer defendants. *See id.* at 227 (citing *Budde v. Ling-Temco-Vaught, Inc.*, 511 F.2d 1033 (10th Cir. 1975) (holding service on New Mexico corporation's statutory service agent ineffective to establish jurisdiction for cause of action unrelated to corporation's activities in state). We are not convinced the district court abused its discretion in so deciding as to those defendants. It is not clear, however, whether Judge Black gave separate consideration to the lawyer-defendants' arguments regarding reasonableness. *See id.* at 257. We therefore remand this case to Judge Black to separately state whether Mr. Nevins should or should not be sanctioned under Rule 11 for filing this complaint against the lawyer-defendants, and to state his reasons for so deciding. *See Griffen v. City of Oklahoma City*, 3 F.3d 336, 340 & 340 n.4 (10th Cir. 1993).

We **AFFIRM** in part and **REMAND** in part.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge