GARCIA, Judge (dissenting). {32} I respectfully dissent in this case. The tortious injury asserted in this case was suffered as a result of SereniCare’s business services that it provided as part of a specific multi-party transaction in interstate commerce. As a result, minimum contacts and personal jurisdiction must be addressed in the context of an interstate commercial transaction, similar to the recent analysis by this Court in Sproul, 2012-NMCA- __, ¶¶ 16-26 (recognizing the interstate commerce analysis for personal jurisdiction, also known as the stream of commerce rule established under World-Wide Volkswagen). Although the present case did not involve the sale of a good or product transported into the stream of commerce, the funeral services provided by SereniCare were part of a direct and continuous stream of commerce that began in Utah and concluded in New Mexico. {33} The majority did focus on the distinction between a service placed into the stream of commerce and a product placed into the stream of commerce. Majority Opinion ¶ 28. Although this distinction appears misplaced, the majority did proceed to address the merits of Plaintiffs’ argument. See Hollinger v. Sifers, 122 S.W.3d 112, 117 (Mo. Ct. App. 2003) (recognizing that the stream of commerce theory can justify long-arm jurisdiction over a non-resident defendant engaged in providing a service, but holding that the contact requirements are more stringent when the basis for jurisdiction is a service rather than a product); Bergherr v. Sommer, 523 N.W.2d 17, 22 (Minn. Ct. App. 1994) (applying stream of commerce theory to assert jurisdiction over non-resident service provider who used an intermediary to provide its services, rather than goods, to forum state residents). At this early stage of the proceedings involving a motion to dismiss, I would conclude that SereniCare’s voluntary participation in this commercial event, being conducted through the stream of interstate commerce, was sufficient to establish minimum contacts and personal jurisdiction in New Mexico. {34} It is undisputed that the funeral services provided by SereniCare for the preparation the Decedent’s body were part of a commercial interstate transaction. Majority Opinion^ 1-4. Despite the fact that a portion of these funeral services were performed in Utah, SereniCare was fully aware of the overall interstate transaction and the fact that these services would conclude with the burial of Decedent’s body in New Mexico. Id. It is within this specific factual context that SereniCare’s minimum contacts with the Plaintiffs and New Mexico must be analyzed. Does this interstate activity by SereniCare invoke the benefits and protections of New Mexico’s laws? Tarango, 94 N.M. at 729, 616 P.2d at 442 (recognizing that “it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conduction activities within the forum [sjtate”). {35} “A single transaction of business within the state can be sufficient to subject a nonresident defendant to in personam jurisdiction in this state, provided that the cause of action involved in the suit arises from the transaction of that particular business.” Visarraga v. Gates Rubber Co., 104 N.M. 143, 146, 717 P.2d 596, 599 (Ct. App. 1986). It is also important to consider whether minimum contacts are asserted under a “general (all-purpose) or specific (case linked)” basis for personal jurisdiction. Sproul, 2012-NMCA- __,¶9. It is undisputed that this case only involved a specific burial transaction that originated in Utah and was consummated in New Mexico. Majority Opinion ¶ 9. SereniCare has attempted to isolate the portion of the transaction that occurred in Utah as a means of separating its portion of the funeral services from the full interstate burial transaction that was being arranged by Decedent’s family. {36} Our courts recognize the liberalization and expansion of jurisdiction in state courts over foreign corporations and nonresidents under the stream of commerce rule identified in World-Wide Volkswagen. Visarraga, 104 N.M. at 148-49, 717 P.2d at 596, 601-02. As we noted in Sproul, the delivery of “products into the stream of commerce with the expectation that they will be purchased by consumers in the forum [sjtate” may be sufficient to satisfy the foreseeability aspects of due process. 2012-NMCA-__, ¶ 20 (citation omitted). {37} Where a business like SereniCare knowingly undertakes to participate in the interstate commercial activity of burying a body in another state, their burial services provided for the nonresident family are sufficiently foreseeable to purposefully avail their business to the benefits and privileges of the state where the burial will ultimately occur. The knowing and voluntary act of participating this type of specific interstate business activity is neither random, fortuitous, or attenuated as asserted by the majority. See Majority Opinion ¶ 16. If a single business transaction in interstate commerce can be sufficient to establish minimum contacts with the forum of a nonresident, then the present case meets the “nexus” test when applied to a specific personal jurisdiction scenario. Burial services are a once in a lifetime event for every person. When SereniCare knowingly participates in the burial services for an out-of-state family located in a nonresident forum, then New Mexico should recognize that SereniCare is accepting the benefits and protections of our laws when the ultimate burial occurs in this state. SereniCare’s voluntary decision to participate in this type of individualized and case-specific interstate commerce should be sufficient to meet minimum due process requirements and we should recognize that SereniCare has purposefully availed itself to personal jurisdiction in New Mexico. {38} In conclusion, I do not concur with the result reached by the majority in this case and would reverse the district court’s decision to dismiss Plaintiffs’ claims against SereniCare. TIMOTHY L. GARCIA, Judge